[No. A120500. First Dist., Div. Three. Aug. 18, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY WALLACE, Defendant and Appellant.

## COUNSEL

Matthew Zwerling, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Brent W. Wilner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

JENKINS, J.—This is an appeal from the judgment following the conviction of appellant Henry Wallace by a jury for willfully failing to notify, register, and annually update his registration as a sex offender coming within the provisions of Penal Code section 290. Appellant challenges his conviction on all counts on grounds of insufficiency of the evidence and instructional error. As explained below, we reverse appellant's conviction with respect to counts two and three, and in all other respects affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2007, an information was filed charging appellant as follows: (1) in or about April 2007, failing to provide notice to the appropriate law enforcement agency within five working days of his new address or location (Pen. Code, former § 290, subd. (f)(1)) (count one), (2) in or about April 2007, failing to register within five working days of changing his address or location (Pen. Code, former § 290, subd. (a)(1)(A)) (count two), and (3) in or about December 2006, failing to complete his annual registration within five working days of his birthday (Pen. Code, former § 290, subd. (a)(1)(D)) (count three).[1] The information further alleged that appellant, prior to the commission of the offenses charged herein, was convicted of two felony strike sex offenses in January 1999 (§ 1170.12), for which he served a prison term (§ 667.5, subd. (b)).

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code. References to Penal Code section 290 are to the version of the statute in effect at the time the charged offenses were committed. (See *People v. Garcia* (2001) 25 Cal.4th 744, 750 [107 Cal.Rptr.2d 355, 23 P.3d 590] [applying the version of § 290 in effect when the offense occurred].)

Before trial, the parties stipulated that appellant, born December 7, 1942, had been convicted of unspecified sex offenses in January 1999 that subjected him to the notification and registration requirements of former section 290.

A trial by jury began December 5, 2007. Several representatives of the Pittsburg Police Department, including community service specialists and a police officer, testified regarding the procedures for registering sex offenders pursuant to former section 290, and regarding appellant's registration history with the agency. The testimony revealed the following facts.

On July 30, 2003, appellant first registered with the Pittsburg Police Department after he moved into the Mar Ray Motel, 1925 Railroad Avenue, No. 5, in Pittsburg, Contra Costa County. As part of the registration process, appellant initialed a form to acknowledge under penalty of perjury that he understood certain requirements. For example, appellant acknowledged: "My responsibility to register is a lifetime requirement." Further: "Upon coming into or when changing my address, within any city, county or city and county in which I am residing or located, I must register with the law enforcement agency having jurisdiction over my residence . . . within five working days." Appellant also acknowledged that "[w]hen changing my residence address, either within California or out-of-state, I must inform the registering agency with which I last registered of the new address within five working days."

On October 8, 2003, appellant returned to the Pittsburg Police Department to register a new address at the Mar Ray Motel—1989 Railroad Avenue, No. 39, in Pittsburg, Contra Costa County.

On December 3, 2003, appellant completed the annual update to his registration within five working days of his birthday, again identifying his current address as 1989 Railroad Avenue, No. 39, in Pittsburg, Contra Costa County. In addition, appellant initialed a form to acknowledge under penalty of perjury that he understood certain requirements. Specifically, he acknowledged that "[u]pon coming into or when changing my address within any city, county or city and county in which I am residing or located, I must register with the law enforcement agency having jurisdiction over my residence or location within five working days." He also acknowledged that "[w]hen changing my residence address, either within California or out-of-state, I must inform the registering agency with which I last registered of the new address or location within five working days."

On March 3, 2004, appellant registered the following new address at the Pittsburg Police Department—871 East 12th Street in Pittsburg, Contra Costa County.

On December 8, 2004, appellant completed the annual update to his registration within five working days of his birthday, again identifying his current address as 871 East 12th Street in Pittsburg, Contra Costa County. Appellant acknowledged in writing under penalty of perjury that he understood that "[u]pon coming into or when changing my address or location within any city, county or city and county in which I am residing or located, I must register with the law enforcement agency having jurisdiction over my residence or location as a sex offender within five working days." He also acknowledged that "[w]hen changing my residence address or transient location either within California or out-of-state, I must inform the registering agency in writing with which I last registered of the new address or transient location within five working days."

On October 19, 2005, appellant registered with the Pittsburg Police Department a new address identified as 861 East 12th Street in Pittsburg, Contra Costa County. Appellant acknowledged in writing under penalty of perjury that he understood that "[u]pon coming into or when changing my address within any county or city and county in which I am residing, I must register within five working days as a sex offender with a law enforcement agency having jurisdiction over my residence." He also acknowledged that "[u]pon changing my place of residence either in the present agency's jurisdiction or anywhere inside or outside of the State, I must inform in writing within five working days the law enforcement agency with which I last registered." He further acknowledged: "If a move is to a new jurisdiction, I must re-register my address in person."

On December 7, 2005, appellant again completed the annual update to his registration within five working days of his birthday, identifying his current address as 861 East 12th Street in Pittsburg, Contra Costa County. In addition, appellant acknowledged in writing under penalty of perjury having read an advisement regarding his registration and notification duties as a sex offender that was identical in all material respects to that which he acknowledged reading on October 19, 2005.

On January 11, 2006, appellant registered with the Pittsburg Police Department a new address identified as 875 East 12th Street in Pittsburg, Contra Costa County.[2] In doing so, appellant acknowledged in writing under

---

[2] The court reporter recorded this address as 835 East 12th Street. The parties agree, however, that the court reporter made a typographical error and that the true address given by appellant was 875 East 12th Street.

penalty of perjury having read an advisement regarding his registration and notification duties as a sex offender that was again identical in all material respects to that which he acknowledged reading on October 19, 2005, and December 7, 2005.

Following his registration on January 11, 2006, appellant never again contacted the Pittsburg Police Department. Nor did appellant register anywhere else in the State of California after that date.

On October 1, 2006, a real estate broker listed for sale on behalf of an individual named Joe Davi the property at 877 East 12th Street. The broker inspected the property on November 29, 2006, finding a duplex with a commercial space on the ground floor and a residential unit on the second floor. The commercial space was marked "877," and the broker did not know whether the upstairs residential unit had a separate address. The residential unit was vacant. There was a person, not appellant, living in the commercial space.

In all, the real estate broker inspected the property at 877 East 12th Street six times between November 2006 and May 2007. Appellant was not present at the property during any of those times.

Detective Eric Solzman of the Pittsburg Police Department testified that, in April 2007, he inspected 875 East 12th Street in Pittsburg, the address listed on appellant's January 2006 registration form. The ground floor unit had an address of 877 East 12th Street and the upstairs unit had an address of 875 East 12th Street. Detective Solzman found the residence vacant, and thereafter sought an arrest warrant for appellant.

Following the prosecution's presentation of evidence, appellant rested without presenting any evidence.

On December 12, 2007, the jury found appellant guilty on all three counts. The trial court thereafter found true the strike allegations, and sentenced appellant to a total of five years in state prison.[3] This appeal followed.

## DISCUSSION

On appeal, appellant challenges his conviction with respect to each of the three counts on grounds of insufficiency of the evidence and failure to properly instruct the jury. We address each of appellant's arguments in turn.

---

[3] The trial court stayed the sentence with respect to count two pursuant to section 654 and dismissed one of the prior strikes pursuant to section 1385.

I.  *Count One (former § 290, subd. (f)(1), as amended by Stats. 2006, ch. 337, § 11)*

Appellant was charged in count one with violating former section 290, subdivision (f)(1), in or about April 2007, in Pittsburg, Contra Costa County, by "unlawfully fail[ing] to notify, in writing, the law enforcement agency he registered with, of his new address or location within five (5) working days."

In April 2007, section 290, subdivision (f)(1), provided as follows: "Any person who was last registered at a residence address pursuant to this section who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California." (Former § 290, subd. (f)(1), as amended by Stats. 2006, ch. 337, § 11 (hereinafter former section 290, subdivision (f)(1)).)[4]

A.  *Sufficiency of the Evidence Relating to Appellant's Change of Address*

Appellant acknowledges that, in April 2007, when the offense charged in count one occurred, "[i]t is fairly clear [under former section 290, subdivision (f)(1)] . . . when a person moved from a residence at which he had registered, he was required to appear in person at the agency which registered him and inform it of the move." Appellant also acknowledges failing to inform the agency that registered him—the Pittsburg Police Department—when he moved from his last registered address at 875 East 12th Street.

Nonetheless, appellant contends his conviction on count one should be reversed because the prosecution failed to prove what was actually charged—i.e., that he did not notify the agency "of his new address or location within five (5) working days." Appellant reasons there was no evidence that he had established a new address in April 2007. In addition, appellant contends the charge was insufficient to notify him of the need to defend against the charged offense of "failing to notify that he *moved*, without reference to whether he *moved into* a new residence." We disagree with appellant's reasoning.

---

[4] Section 290, subdivision (f)(1) has since been renumbered section 290.013. (Stats. 2007, ch. 579, § 21, eff. Oct. 13, 2007.)

The evidence presented at trial established that, by April 2007, appellant was no longer living at 875 East 12th Street, the address he last registered with the Pittsburg Police Department on January 11, 2006. Further, there was evidence that appellant failed to notify the Pittsburg Police Department or any other agency after January 11, 2006, that he was leaving or had left his last registered address. The evidence was thus sufficient to prove that appellant failed to comply with the requirement set forth in former section 290, subdivision (f)(1), that within five working days of changing his address he notify the appropriate agency "of the move, the new address or transient location, if known, and any plans he or she has to return to California." (Former § 290, subd. (f)(1).)

Appellant's suggestion that the prosecution had the additional burden to prove he had established a new address in April 2007 is simply not supported by the statutory language of former section 290, subdivision (f)(1), or the case law interpreting it.

■ " 'Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.] If the words in the statute do not, by themselves, provide a reliable indicator of legislative intent, '[s]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes. [Citation.]' [Citation.] ' "Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute . . . ; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." [Citations.]' [Citation.] If the statute is ambiguous, we may consider a variety of extrinsic aids, including legislative history, the statute's purpose, and public policy. [Citation.]" (*People v. Arias* (2008) 45 Cal.4th 169, 177 [85 Cal.Rptr.3d 1, 195 P.3d 103].)

■ Here, the statute requires notice of "the move, the new address or transient location, if known, and any plans he or she has to return to California." (Former § 290, subd. (f)(1).) Thus, based on the language as drafted, the statute applies not just to registered sex offenders who have a new address, but also to those offenders who have moved or have a new transient location. And as our colleagues in Division One of this district have explained: "[C]ommon sense dictates that whenever a person moves out of

the last registered address he or she will either have a new address, or a new 'location,' of which to notify, within five days. The statutory language presumes that a change normally entails acquiring a new address when leaving the old one, and therefore the offender should normally be able to notify authorities of a new address within the five-day period. Nevertheless, if the registrant 'changes' the last registered address by moving out, and does not have a new address of which to provide notification, he or she may comply with subdivision (f)(1) by notifying of a new 'location,' meaning, in this context, simply a place where the registrant can be found who has no address. This construction ensures that if a registered offender moves, it will be no longer than five days before the registrant must inform the police of his whereabouts." (*People v. Annin* (2004) 117 Cal.App.4th 591, 603–604 [15 Cal.Rptr.3d 278], fn. omitted.)[5]

Former section 290, subdivision (f), contains stringent notification requirements. However, the California Supreme Court has explained why those stringent requirements are so important: "Supplemental address change information helps law enforcement agencies keep track of sex offenders who move within the same city or county or are transient. In large cities such as Los Angeles or huge counties like San Bernardino, where offenders can easily relocate without reregistering, section 290(f) seeks to prevent them from disappearing from the rolls. Ensuring offenders are 'readily available for police surveillance' [citation] depends on timely change-of-address notification. Without it law enforcement efforts will be frustrated and the statutory purpose thwarted. The statute is thus regulatory in nature, intended to accomplish the government's objective by mandating certain affirmative acts. Compliance is essential to that objective; lack of compliance fatal." (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101].) Our holding that former section 290, subdivision (f)(1), does not

---

[5] In *People v. Annin, supra,* 117 Cal.App.4th 591, the appellate court was applying the version of section 290, subdivision (f)(1), in effect in 1999, which provided: " 'If any person who is required to register pursuant to this section *changes his or her residence address or location,* whether within the jurisdiction in which he or she is currently registered *or to a new jurisdiction inside or outside the state,* the person shall inform, in writing within five working days, *the law enforcement agency or agencies with which he or she last registered of the new address or location.*' " (117 Cal.App.4th at p. 598.) The defendant argued, similar to here, that he was not required to notify authorities pursuant to former section 290, subdivision (f)(1), that he had left Redwood City, California to move to Portland, Oregon, because he did not establish a new address in Portland upon arriving there. The appellate court disagreed, noting that "if appellant did not have an address in Oregon, he might at least have notified the Redwood City Police Department that he was relocating from its jurisdiction to Portland, Oregon. Had he done so, the purpose of subdivision (f)(1) would have been served because local law enforcement in Portland would at least have been informed of the presence of a registered sex offender within its jurisdiction." (117 Cal.App.4th at p. 605.)

require the prosecution to prove the defendant has established a new address, we believe, is most consistent with serving these important public policies.

Further, we reject appellant's related argument that the charge failed to provide adequate information with respect to count one to permit him to defend himself. The charge accused appellant of "fail[ing] to notify, in writing, the law enforcement agency he registered with, of his new address or location within five (5) working days." This charge complies with former section 290, subdivision (f), as interpreted above, and was wholly adequate to enable appellant to meaningfully defend himself. In particular, the charge is consistent with the prosecution's theory at trial that appellant left his prior address, thereby obtaining a new location (see *People v. Annin, supra*, 117 Cal.App.4th at p. 604), yet thereafter failed within five working days to notify the appropriate agency of that fact. As the prosecution points out on appeal, appellant could have—but chose not to—mount a defense to that theory, for example, by proving he did not move from his prior address or did in fact register someplace. To the extent there is a difference between failing to notify of a new address or location, and failing to notify of a change to a prior address, we do not believe it is of such significance to have deprived appellant of that to which he was entitled—a meaningful opportunity to defense against the charge. (*People v. Seaton* (2001) 26 Cal.4th 598, 640 [110 Cal.Rptr.2d 441, 28 P.3d 175]; see also *People v. Williams* (1945) 27 Cal.2d 220, 226 [163 P.2d 692] ["a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense"].)

### B. *Sufficiency of the Evidence and the Jury Instruction Relating to Appellant's Actual Knowledge*

Appellant next contends the prosecution failed to prove beyond a reasonable doubt that he had actual knowledge of a legal duty pursuant to former section 290, subdivision (f)(1), to notify the agency of a change of address even if he had not established a new address. Appellant also contends the jury instruction in this regard was prejudicially erroneous. We reject both arguments.[6]

The prosecution met its burden of proof with respect to actual knowledge by offering evidence that appellant received and acknowledged receiving information from several representatives of the Pittsburg Police Department

---

[6] Our conclusion that, under former section 290, subdivision (f)(1), the prosecution had no burden to prove appellant established a new address disposes of appellant's first instructional argument—that the trial court erred by failing to advise the jury regarding such burden.

regarding his legal duty pursuant to former section 290, subdivision (f)(1), to notify the agency upon changing his address when he appeared to register on six separate occasions between July 2003 and January 2006. Indeed, on January 11, 2006, the date appellant last registered, he specifically acknowledged in writing that *"when changing my address* within any city, county, or city and county in which I am residing, I must register within five working days as a sex offender with the law enforcement agency having jurisdiction over my residence." (Italics added.) Appellant also acknowledged that, "[*u*]*pon changing my residence* either in the present agency's jurisdiction or anywhere inside or outside of the State, I must inform in writing within five working days the law enforcement agency with which I last registered. If the move is to a new jurisdiction, I must re-register my address in person." (Italics added.) As we and other California courts have already pointed out, "common sense dictates that whenever a person moves out of the last registered address he or she will either have a new address, or a new 'location,' of which to notify, within five days." (*People v. Annin, supra,* 117 Cal.App.4th at p. 603; see also *People v. Musovich* (2006) 138 Cal.App.4th 983, 992 [42 Cal.Rptr.3d 62] [noting that the primary dictionary definition of "change" is to "make ' " 'different in some particular,' " ' " and that "when an offender leaves the residence at which he has registered, he has made his residence different"].) This evidence of appellant's repeated notice from agency representatives regarding his legal duties was thus sufficient to permit the jury to infer his actual knowledge. (*People v. Garcia, supra,* 25 Cal.4th at p. 752.)

■ With respect to the jury instruction, the trial court advised that, in order to find appellant guilty as charged in count one, the jury had to find appellant "actually knew of his duty to register as a sex offender and specifically of his duty to register within five working days of a change of residence." We review this instruction de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218 [8 Cal.Rptr.3d 551, 82 P.3d 755].) In doing so, we " ' "assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given." [Citations.]' " (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088 [78 Cal.Rptr.3d 186].)

We agree the trial court's jury instruction regarding the actual knowledge requirement of former section 290, subdivision (f)(1), could have been improved upon. In particular, a more accurate instruction would have referred to the duty to notify rather than the duty to register (which is covered by former § 290, subd. (a), discussed below). However, given the strength of the evidence regarding appellant's actual knowledge of his duty to notify the agency within five working days of a change of address, even if the instruction given was erroneous, we would find such error harmless beyond a

reasonable doubt. As we have just explained, several witnesses testified regarding appellant's notice from the Pittsburg Police Department between July 2003 and January 2006 of his legal duties as a registered sex offender residing in Contra Costa County, and in particular of his legal duty pursuant to former section 290, subdivision (f)(1), to notify the department within five days of "changing [his] address." As such, we conclude the jury in this case, even if properly instructed, would have nonetheless found appellant guilty as charged in count one. (*People v. Garcia, supra,* 25 Cal.4th at p. 755 [concluding that an instructional error regarding former § 290, subd. (f)(1)'s actual knowledge requirement was harmless beyond a reasonable doubt based on "strong evidence that defendant knew of the registration requirements"].)

II. *Count Two (former § 290, subd. (a)(1)(A), as amended by Stats. 2006, ch. 337, § 11)*

Appellant was charged in count two with violating former section 290, subdivision (a)(1)(A), in or about April 2007 in Pittsburg, Contra Costa County, by "unlawfully fail[ing] to complete his registration within five (5) days of his change of address and location, being a person required to register under the provision of section 290 of the California Penal Code, based upon a felony conviction."

At the relevant time, former section 290, subdivision (a)(1)(A), provided as follows: "Every person [having a qualifying conviction] for the rest of his or her life while residing in California . . . shall be required to register with the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities, within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides." (Former § 290, subd. (a)(1)(A), as amended by Stats. 2006, ch. 337, § 11 (hereinafter former section 290, subdivision (a)(1)(A)).)[7]

The distinction between former section 290, subdivision (a)(1)(A), charged in count two, and former section 290, subdivision (f)(1), charged in count one, has been aptly described as follows. "Section 290, subdivision (a)(1)(A), requires certain sex offenders in California, including defend-

---

[7] Former section 290, subdivision (a)(1)(A), has since been redesignated section 290, subdivision (b). (Stats. 2007, ch. 579, § 8, eff. Oct. 13, 2007.)

ant, to register with the appropriate law enforcement authorities where they reside. Section 290, subdivision (f)(1), also requires those offenders, when they move, to inform the law enforcement agency where they last registered of their new address or location. These are separate, albeit closely related, requirements. Sex offenders registered in one county who move to another county within California without notifying any law enforcement agency violate both requirements: section 290, subdivision (a)(1)(A), by not registering in the new county; and section 290, subdivision (f)(1), by not informing authorities in the old county of the new address. When, as here, the person must register because of a felony conviction, violating these requirements is itself a felony. (§ 290, subd. (g)(2); see *Wright v. Superior Court*[, *supra*,] 15 Cal.4th 521, 523–524 . . . .)" (*People v. Britt* (2004) 32 Cal.4th 944, 951 [12 Cal.Rptr.3d 66, 87 P.3d 812], fns. omitted; see also *People v. Musovich, supra*, 138 Cal.App.4th at p. 989.)

Here, similar to appellant's challenge with respect to count one, appellant challenges his conviction with respect to count two on the ground that the prosecution failed to prove that, in April 2007, he had a new address in Contra Costa County or in any other city or county within California and that he failed to register with the appropriate agency.

The prosecution counters that the jury properly found appellant guilty of violating former section 290, subdivision (a)(1)(A), based on his failure to register *anywhere* in California within five working days of changing his last registered address, regardless of whether the prosecution proved appellant's exact new address or location. The prosecution reasons that information regarding a person's whereabouts is uniquely within that person's knowledge, and thus that the prosecution should not have to prove a defendant's exact location or address to establish a violation under this provision.

■ We agree with the prosecution that it had no burden to prove appellant's exact new location or address in order to establish a violation of former section 290, subdivision (a)(1)(A). As our colleague in the Third Appellate District reasoned under similar circumstances when interpreting former section 290, subdivision (a)(1)(A): "It is of no consequence whether defendant had moved to the address where law enforcement found him . . . , or was merely a transient who was temporarily there. It still can be said he changed his residence, so as to trigger the reregistration requirement. Case law interpreting the word 'changes' in the context of the sex offender registration statute states that its primary dictionary definition is to make ' " 'different in some particular.' " ' [Citation.] There can be no doubt that when an offender leaves the residence at which he has registered, he has

made his residence different." (*People v. Musovich, supra*, 138 Cal.App.4th at p. 992, fn. omitted.)

We also agree with the prosecution that it had no burden to prove appellant moved to a location within Contra Costa County to establish a violation of former section 290, subdivision (a)(1)(A). Even if appellant moved out of Contra Costa County, prosecutors were entitled to try a violation of this provision in Contra Costa County based upon appellant's prior registration as a sex offender in Contra Costa County. (See *People v. Britt, supra*, 32 Cal.4th at p. 955 ["The notification requirements of both subdivisions (a) and (f) of section 290 were triggered by defendant's moving from Sacramento County to El Dorado County. This single move necessarily involved preparatory acts in both counties. Thus, either county would be a proper venue in which to try both crimes."].)

There remains, however, a more difficult question—whether the prosecution had the burden to prove beyond a reasonable doubt that appellant moved to an address or location within California in order to establish a violation of former section 290, subdivision (a)(1)(A).

The prosecution points out that, when addressing the somewhat related question of whether the prosecution was required to prove precisely *when* a defendant moved to establish a violation of section 290, the California Supreme Court stated: "[S]ex offenders often have a transitory lifestyle or deliberately attempt to keep their movements secret. Requiring a prosecutor to prove when the person moved—information uniquely within that individual's knowledge and control—would hinder or even foreclose many prosecutions under section 290(f)." (*Wright v. Superior Court, supra*, 15 Cal.4th at p. 529; see also *People v. Annin, supra*, 117 Cal.App.4th at pp. 602–603 [noting that a sex offender's moves are "controlled entirely by the offender"].)

We conclude, however, the California Supreme Court's reasoning in *Wright* does not apply here. Former section 290, subdivision (a)(1)(A), provides on its face that "[e]very person [having a qualifying conviction] for the rest of his or her life *while residing in California* . . . shall be required to register . . . ." (Italics added.) Consistent with this statutory language, the Legislature has declared that "a comprehensive system of risk assessment, supervision, monitoring and containment for registered sex offenders *residing in California communities* is necessary to enhance public safety and reduce the risk of recidivism posed by these offenders." (Section 290.03, as added

by Stats. 2006, ch. 337, § 12, italics added.) As such, we agree with appellant that, if he left California after vacating his last registered address in Contra Costa County, his failure to register a new address or location anywhere in California within five working days would not amount to a violation of this provision.

Here, the prosecution acknowledges there was no evidence presented to the jury regarding appellant's whereabouts after he left his last registered address at 875 East 12th Street in Pittsburg, Contra Costa County. However, the prosecution suggests the jury could have nonetheless inferred that appellant remained in California in April 2007 based upon other evidence in the record. Specifically, there was evidence appellant had established five addresses in Contra Costa County between July 2003 and January 2006 before committing the charged offense by moving from the 875 East 12th Street address without registering with the proper authorities. Further, appellant presented no evidence in his own defense, including no evidence to explain his disappearance or to establish that he moved out of Contra Costa County or California during the time in question. Under these circumstances, the prosecution reasons, requiring it to prove appellant remained in California would in effect permit appellant to immunize himself from the statutory registration requirements.

We acknowledge the risk, recognized by the *Wright* court, that sex offenders like appellant may choose a transitory lifestyle or deliberately conceal their whereabouts to avoid the very requirements imposed by former section 290. (*Wright v. Superior Court, supra*, 15 Cal.4th at p. 527.) We further acknowledge that "[c]ompliance is essential" to accomplishing the significant public policy objectives underlying section 290. (*Wright*, at p. 527.) However, we cannot agree with the prosecution that the *lack of any evidence* regarding appellant's whereabouts in or about April 2007, even considered in light of appellant's prior registration history in California, was sufficient to permit a reasonable inference that appellant remained in California during that time period, which the statute clearly requires. (Former § 290, subd. (a)(1)(A); see *People v. Lewis* (1990) 50 Cal.3d 262, 277 [266 Cal.Rptr. 834, 786 P.2d 892] [reviewing court must draw all reasonable inferences in support of the judgment, "presum[ing] . . . the existence of every fact the trier could reasonably deduce from the evidence"].) Moreover, we decline to shift the burden to appellant to prove beyond a reasonable doubt that he was in fact residing outside California during that time. (See *People v. Cole* (2004) 33 Cal.4th 1158, 1208 [17 Cal.Rptr.3d 532, 95 P.3d 811] ["[t]he prosecution has the burden of proving beyond a reasonable doubt each element of the charged offense"]; Evid. Code, § 520 ["[t]he party claiming

that a person is guilty of crime or wrongdoing has the burden of proof on that issue"].)

Nor can we conclude this error was harmless beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].) The jury was given the following instruction with respect to count two:

"1. The defendant was previously convicted of any offense which subjects him to the registration requirements of Penal Code 290;

"2. The defendant actually knew of his duty to register as a sex offender and specifically of his duty to register within 5 working days of establishing a new residence;

"3. The defendant's last registered address is in Pittsburg, California;

"4. The defendant established a new residence without notifying the Pittsburg Police Department of his new location; [and]

"5. The defendant's failure to register his change of address was willful."

This jury instruction nowhere mentions that appellant was required to have been residing within California at the time of the charged offense. As we have already discussed, California residency was a necessary element under former section 290, subdivision (a), that the prosecution was required—but failed to prove. As such, considering this instruction and the evidence presented (or not presented) at trial, we cannot be sure the same jury, if properly instructed, would have found (or could have properly found) appellant was residing in California at the relevant time. (See *Chapman v. California, supra*, 386 U.S. at p. 24; *People v. Edgar* (2002) 104 Cal.App.4th 210, 222 [127 Cal.Rptr.2d 662].)

■ Accordingly, we conclude appellant's conviction with respect to count two must be reversed based upon the lack of evidence regarding his California residency during the time in question.

III. *Count Three (former § 290, subd. (a)(1)(D), as amended by Stats. 2006, ch. 337, § 11)*

Appellant was charged in count three with violating former section 290, subdivision (a)(1)(D), in or about December 2006 in Pittsburg, Contra Costa County, by "unlawfully fail[ing] to complete his annual registration within five (5) days of his birthday."

Former section 290, subdivision (a)(1)(D), provided at the relevant time as follows: "Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A)." (Former § 290, subd. (a)(1)(D), as amended by Stats. 2006, ch. 337, § 11 (hereinafter former section 290, subdivision (a)(1)(D)).)[8]

Appellant argues that former section 290, subdivision (a)(1)(D), like former section 290, subdivision (a)(1)(A), should have been interpreted to require the prosecution to prove that appellant continued to live in Contra Costa County or, at a minimum, in California at the time he was required to update his registration. This requirement, according to appellant, was not met given the lack of evidence that he was residing in California in December 2006.[9]

■ Applying much of the same reasoning set forth above in our discussion of former section 290, subdivision (a)(1)(A), we agree with appellant that the prosecution had the burden to prove he was residing within California in December 2006 in order to establish a violation of former section 290, subdivision (a)(1)(D). In particular, former subdivision (a)(1)(A), a subparagraph of the same statute, limits the registration requirements to persons "residing in California . . . ." (Former § 290, subd. (a)(1)(A).) For several reasons, we believe this limitation carries over to the requirement to update one's registration set forth in former subdivision (a)(1)(D). First, the verb "update," used in subparagraph (a)(1)(D), is commonly defined as "to bring up to date." (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 1294.) This definition connotes that something already in existence is being brought up to date. Here, that something being brought up to date is "his or her registration . . . ." (Former § 290, subd. (a)(1)(D).) As we have already explained, the registration requirements for purposes of former section 290 are set forth in subdivision (a)(1)(A), which includes a California residency requirement. (See *People v. Arias, supra*, 45 Cal.4th at p. 177 [where statutory language is ambiguous, courts look to the context in which the language appears and adopt an interpretation that best harmonizes the statute internally and with related statutes].)

Moreover, the duty to update set forth in subparagraph (D) of the statute refers explicitly to the "registration with the entities described in subparagraph

---

[8] Former section 290, subdivision (a)(1)(D), has since been renumbered section 290.012. (Stats. 2007, ch. 579, § 20, eff. Oct. 13, 2007.)

[9] In making this argument, appellant's counsel refers this court to nonpublished authority and purports to "adopt[]" a portion of an argument advanced therein—a clear violation of California Rules of Court, rule 8.1115. Appellant's counsel should know better. It goes without saying we have not considered such improper authority.

(A)." (Former § 290, subd. (a)(1)(D).) Those entities—"the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities"—are necessarily located within the State of California, given our interpretation of subdivision (a)(1)(A), set forth above, as being limited to California residents.[10]

Had the Legislature intended to omit the residency requirement set forth in subparagraph (A) from subparagraph (D), we believe it would have made such an intention clear, as it did in former subdivision (f)(1), which requires notification of address changes "whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state . . . ." (Former § 290, subd. (f)(1).)[11] (See *People v. Arias, supra*, 45 Cal.4th at p. 177.)

We again acknowledge the significant public policies behind the enactment of former section 290, including the need to vigilantly monitor the whereabouts of certain sex offenders. (*Wright v. Superior Court, supra*, 15 Cal.4th at p. 527.) However, we cannot ignore the Legislature's decision to expressly limit application of the registration provisions to sex offenders "residing in

[10] For ease of reference, we again set forth in relevant part former section 290, subdivision (a)(1)(A), emphasizing the entities cross-referenced in former subdivision (a)(1)(D): "Every person [having a qualifying conviction] for the rest of his or her life while residing in California . . .. shall be required to register with *the chief of police of the city in which he or she is residing, or the sheriff of the county if he or she is residing in an unincorporated area or city that has no police department, and, additionally, with the chief of police of a campus of the University of California, the California State University, or community college if he or she is residing upon the campus or in any of its facilities,* within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides." (Former § 290, subd. (a)(1)(A).)

[11] The language of former section 290, subdivision (a)(1)(C), which addresses the registration requirements of transient sex offenders, supports our conclusion that all of the statute's registration requirements, including the requirement to annually update one's registration, are limited to California residents. Specifically, former subdivision (a)(1)(C), similar to former subdivision (a)(1)(A), expressly limited the duty to register to "[e]very person described in paragraph (2), for the rest of his or her life *while living as a transient in California.*" (Former § 290, subd. (a)(1)(C), italics added.) Further, similar to former subdivision (f)(1), former subdivision (a)(1)(C) contains a notification requirement that is triggered when the transient moves out of California: "A transient who moves out of state shall inform, in person, the chief of police in the city in which he or she is physically present, or the sheriff of the county if he or she is physically present in an unincorporated area or city that has no police department, within five working days, of his or her move out of state. The transient shall inform that registering agency of his or her planned destination, residence or transient location out of state, and any plans he or she has to return to California, if known . . . ." (Former § 290, subd. (a)(1)(C)(vi).) Thus, notification, not registration, is required when a transient sex offender ceases to be a California resident.

California." (Former § 290, subd. (a); see also § 290.03 [the Legislature has declared that "a comprehensive system of risk assessment, supervision, monitoring and containment for registered sex offenders *residing in California communities* is necessary to enhance public safety and reduce the risk of recidivism posed by these offenders" (italics added)].) And as a substantive element of the offense charged under former section 290, subdivision (a)(1)(D), the prosecution, not appellant, had the burden to prove the fact of appellant's California residency during the relevant time period beyond a reasonable doubt. (See *People v. Cole, supra*, 33 Cal.4th at p. 1208; Evid. Code, § 520.)

Further, as before, we cannot conclude the failure of the prosecution to prove appellant's California residency was harmless beyond a reasonable doubt. As set forth above, there was no evidence presented to the jury regarding appellant's whereabouts after he left his last registered address in Contra Costa County in January 2006. Moreover, the jury, after being instructed on the elements of the charge in count three, specifically sought clarification from the trial court regarding whether the jury was required to find that appellant was a California resident in December 2006.[12] The trial court responded that "Defendant is not required to be a California resident. The requirement is to inform law enforcement of moves, changes in and out of jurisdictions. See the jury instructions on the elements of the charges. Those are the only requirements." This response, we conclude, was at a minimum confusing and, more importantly, failed to instruct the jury regarding what we have just explained—that former section 290, subdivision (a)(1)(D), does in fact require a defendant to have been residing within California at the time of the charged offense.[13]

Thus, based upon the record before us, including the instructions given and the evidence presented (and not presented) at trial, we cannot conclude the same jury, if properly instructed, would have found (or could have properly found) that appellant was residing in California at the time of the offense charged under count three. Accordingly, appellant's conviction with respect to count three must also be reversed. (See *Chapman v. California, supra*, 386 U.S. at p. 24; *People v. Edgar, supra*, 104 Cal.App.4th at p. 222.)

---

[12] In relevant part, the jury was instructed that the prosecution was required to prove:

"3. The defendant's last registered residence address is in Pittsburg, California;

"4. The defendant failed to register with the law enforcement agency having jurisdiction over his residence within 5 working days of his birthday."

[13] We draw the trial court's attention to the California Supreme Court's admonition that "[t]he court has a primary duty to help the jury understand the legal principles it is asked to apply." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97 [279 Cal.Rptr. 276, 806 P.2d 1311].)

## DISPOSITION

Appellant's convictions for failure to register (former § 290, subd. (a)(1)(A)) and for failure to annually update his registration (former § 290, subd. (a)(1)(D)) are reversed. In light of these reversals, the matter is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

McGuiness, P. J., and Siggins, J., concurred.