Filed 9/25/15  P. v. Brewer CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID EDWARD BREWER,<br><br>    Defendant and Appellant. | B257375<br><br>(Los Angeles County<br>Super. Ct. No. NA094863) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Reversed.

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and David Zarmi, Deputy Attorney General, for Plaintiff and Respondent.

_____

David Edward Brewer appeals his conviction for failing to update his sex offender registration annually. We reverse his conviction, as the prosecution produced no evidence that Brewer resided in California when his annual registration was due.

## BACKGROUND

On February 24, 2014, a one-count information charged that on or about December 27, 2011, Brewer failed to update his sex offender registration annually, in violation of Penal Code[1] sections 290 and 290.012, subdivision (a). The information also alleged that Brewer had two prior serious and/or violent felony convictions, under sections 667, subdivisions (b)–(i). Brewer pleaded not guilty.

Brewer represented himself. Before trial began, he filed a motion to set aside the information under section 995, in part on the ground that the prosecution failed to prove at the preliminary hearing that he resided in California at the time he was required (and allegedly failed) to register. The trial court denied the motion.

At trial, the prosecution presented testimony and evidence that in 2000, Brewer pleaded guilty to lewd acts with a child under 14 years old, in violation of section 288a, receiving six years in prison at his November 2000 sentencing. Brewer also had a 1990 conviction for armed robbery and receiving stolen property with a sentence of four years in state prison, and a 1993 conviction for possession of marijuana for sale with a sentence of one year and four months in state prison.

Police department records showed that on August 5, 2010, Brewer registered as a sex offender in Long Beach. On May 3, 2011, he registered as a transient frequenting a location near the intersection of 4th Street and Cherry Avenue in Long Beach. A search by the custodian of records in October 2013 showed that Brewer's May 3, 2011 registration was his last registration in Long Beach, and Brewer had not registered anywhere else in California or in any other state. Brewer had been arrested in Washington State on May 15, 2013.

---

[1] All further statutory references are to the Penal Code.

A police investigator charged with following up on sex offender registrants described the registration process in Long Beach. The registration form signed by Brewer included a list of 20 requirements, including that a sex offender must register within five days of his or her birthday every year. An offender also had to notify the registering agency if there was any change of address or status; if the offender became transient, he or she was required to register every 30 days; and if an offender moved to a new jurisdiction, he or she was required to notify the Long Beach Police Department. If the offender did not move at all, he or she would only have to register annually within five days of his or her birthday. Brewer's birthday was December 16, and he was out of compliance with the annual registration requirement five working days later (or longer to account for holidays and weekends). From February 19 to 22, 2013, the investigator was reviewing all the sex offender registrants in Long Beach, and he saw that Brewer was out of compliance. After running all the databases and following up on a link from the Los Angeles Police Department,[2] the investigator found no information regarding Brewer's whereabouts or any registrations after May 3, 2011 and through the December deadline for Brewer to comply with the annual registration requirement.

Brewer presented no evidence and declined to testify. The trial court denied his section 1118.1 motion for a judgment of acquittal for insufficient evidence.

The court instructed the jury that to prove Brewer guilty of violating section 290.012, subdivision (a), "the people must prove that: [¶] 1. The defendant was previously convicted of the crime of lewd or lascivious act on a child under the age of 14 years old in violation of . . . section 288(a); [¶] 2. The defendant resided in Long Beach, California; [¶] 3. The defendant actually knew he had a duty under . . . section 290 to register as a sex offender and that he had to register within five working days of his birthday; and [¶] 4. The defendant willfully failed to annually update his registration as a sex offender with the police chief of that city within five working days of his birthday."

_____

[2] The investigator testified that the lead was the issuance of an arrest warrant in May 2011 for annoying a child. Brewer objected on the basis that the subject of the warrant was immaterial, and the trial court overruled the objection as late.

3

The instruction continued: "Residence means one or more addresses where someone regularly resides . . . [and] may include, but is not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles."

The jury convicted Brewer of the single count with which he was charged, a violation of section 290.012, subdivision (a), and found the prior conviction allegations true. After denying Brewer's motion for new trial arguing there was no evidence he resided in Long Beach in December 2011, the court sentenced him to six years in state prison, the upper term of three years doubled pursuant to the "Three Strikes" law, with fines, fees, and presentence credit. Brewer's sentence required that Brewer register as a sex offender, and thereafter register annually within five working days of his birth date. Brewer filed a timely appeal.

## DISCUSSION

The information charged that Brewer violated the annual registration requirement on December 27, 2011, and on that date section 290.012, subdivision (a) stated in relevant part: "Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subdivision (b) of Section 290." Section 290, subdivision (b) provided: "Every person described in subdivision (c), for the rest of his or her life *while residing in California, or while attending school or working in California* . . . shall be required to register with the chief of police of the city in which he or she is residing . . . within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides[ ] and shall be required to register thereafter in accordance with the [Sex Offender Registration] Act." (Italics added.) At issue here is whether, to obtain a conviction for a violation of section 290.012, subdivision (a), the state must prove that the defendant is residing in California, and whether respondent so proved. We conclude that the prosecution must prove California residency and failed to do so as to Brewer.

4

In *People v. Wallace* (2009) 176 Cal.App.4th 1088 (*Wallace*), the defendant had been charged with three violations of the sex offender registration statute, including the annual registration requirement, which in December 2006, when he was alleged to have violated the statute, was numbered as section 290, subdivision (a)(1)(D). (*Id.* at pp. 1091 & fn. 1, 1105 & fn. 8.) Section 290, subdivision (a)(1)(D) as in effect in December 2006 contained substantially identical language for the purpose of our analysis as the statute in effect at the time Brewer failed to register, requiring registration each year within five working days of an offender's birthday with the entities described in then section 290, subdivision (a)(1)(A). The latter section in turn contained substantially identical language to what at the time of Brewer's failure to register was section 290, subdivision (b), including the language "while residing in California, or while attending school or working in California." Like Brewer, the defendant in *Wallace* argued that the statute "should have been interpreted to require the prosecution to prove that appellant continued to live in [the] county or, at a minimum, in California at the time he was required to update his registration. This requirement, according to appellant, was not met given the lack of evidence that he was residing in California [at the time of the alleged violation] in December 2006." (*Id.* at p. 1105.)

The Court of Appeal in *Wallace*, *supra*, 176 Cal.App.4th 1088 had concluded that the statute's requirement that a registered defendant again register within five working days of coming into or changing his or her residence within California required the prosecution to prove beyond a reasonable doubt that the defendant moved to an address or location *within California*, and "we decline to shift the burden to appellant to prove beyond a reasonable doubt that he was in fact residing outside California during that time." (*Id.* at p. 1103.) Applying the same reasoning to the annual registration requirement, *Wallace* held "the prosecution had the burden to prove [defendant] was residing within California" at the time he did not register within five days after his birthday. (*Id.* at p. 1105.) The statutory language "'residing in California. . . .' . . . carries over to the requirement to update one's registration [annually]." (*Ibid.*) If the Legislature had intended to omit the residency requirement

5

from the annual registration requirement, "we believe it would have made such an intention clear." (*Id.* at p. 1106.) Despite the "significant public policies behind the enactment of [the statute], including the need to vigilantly monitor the whereabouts of certain sex offenders. [Citation.] . . . [W]e cannot ignore the Legislature's decision to expressly limit application of the registration provisions to sex offenders 'residing in California.'" (*Id.* at pp. 1106–1107.) "[A]s a substantive element of the offense . . . the prosecution, not appellant, had the burden to prove the fact of appellant's California residency during the relevant time period beyond a reasonable doubt." (*Id*. at p. 1107.) The jury had been presented with no evidence of the defendant's whereabouts after he left his last registered address in January 2006, and was instructed only that the prosecution was required to prove his last registered residence address was in California and he failed to register within five working days of his birthday. When the jury sought clarification whether it had to find that the defendant was a California resident in December 2006, the court responded, "'Defendant is not required to be a California resident,'" which failed to instruct the jury that the statute "does in fact require the defendant to have been residing within California at the time of the charged offense." (*Id*. at p. 1007 & fn. 12.) Concluding that the jury, even if properly instructed, could not properly have found that the defendant was residing in California at the time he failed to register within five days after his birthday, the Court of Appeal reversed his conviction on that count. (*Id.* at p. 1007.)

So must we. In this case, the jury was properly instructed that the prosecution was required to prove that Brewer resided in Long Beach. In closing, the prosecutor stated, "This is a Long Beach case. We have a Long Beach detective on this case," and "it is not the people's burden to show that the defendant was, in fact, somewhere else. That is not an element. . . . It's presumed that he was in the city of Long Beach because of his last registration" in May 2011, seven months before the deadline for Brewer to complete his annual registration in December 2011. The prosecutor asserted that because Brewer was subject to registration requirements if he moved out of the city or the state or into a different residence and there was no evidence that he registered in Long Beach or

6

elsewhere in or out of the state, the jury could presume that he still resided where he last registered in May 2011, "a transient at 4th and Cherry," and the prosecution had proved the element of residence. In rebuttal, Brewer argued that his May 2011 registration was not sufficient to prove that he resided in Long Beach in December 2011. The prosecutor in response argued, "Has the defendant presented any evidence to prove that he did not reside in Long Beach? That's why it has to be presumed that yes, he was in the last location . . . that he registered at. . . . [¶] If you are not registering, then no one knows where you are. . . . [¶] . . . [¶] No one took the stand, swore an oath to tell the truth and said that the defendant was not in Long Beach. . . and was cross-examined about where the defendant was. And so that's why the defendant is presumed to be in Long Beach." In denying Brewer's motion for new trial, the trial court agreed that the evidence was sufficient: "Mr. Brewer advanced the theory that the burden is on the people to prove his whereabouts, therefore, since the people can't find where he is around at the time of his birthday, he is not required to register. . . . [but] the fact that the person does not tell the jurisdiction that he left, by implication, indicates that he is still within the jurisdiction of that police department, which is the case here."

We reject that reasoning. Brewer was charged only with failing to register within five days after his birthday. He was not charged with failing to register upon a change of address or failing to give notice of his new location. While there is no requirement that the prosecution prove precisely where Brewer resided when he failed to register five days after his birthday, the statute does require, and the prosecution must prove, that Brewer was a California resident at the time of the alleged violation. The jury was properly instructed that the prosecution needed to prove he resided in Long Beach (hence, California) in December 2011, but we disagree that the prosecution proved that requirement by presenting evidence that Brewer had registered in Long Beach in May 2011, seven months earlier, and had not registered elsewhere since. That collapses two elements of the statute into one, making Brewer's failure to register elsewhere, without more, sufficient evidence of his California residency.

7

We turn again to *Wallace*, *supra*, 176 Cal.App.4th 1088, in which the defendant was also convicted of a count of failing to complete his registration within five days of coming into his new location after changing his address and location, in violation of what was then section 290, subdivision (a)(1)(A) and is now section 290, subdivision (b). (*Id.* at p. 1100.) The Court of Appeal "agree[d] with the prosecution that it had no burden to prove appellant's . . . new location or address," or that he had moved to a location within the same county. (*Id.* at pp. 1101–1102.) The court also agreed with the defendant, however, that "if he left California after vacating his last registered address in [California], his failure to register a new address or location anywhere in California within five working days would not amount to a violation of this provision." (*Id.* at p. 1103.) The prosecution presented no evidence of his whereabouts after he left his last address, instead suggesting the jury could infer that he remained in California from evidence that he had established five addresses in the same California county before he left his last registered address. The defendant presented no evidence in his own defense to explain his disappearance or to establish that he moved out of the county or state. The court held the evidence was insufficient: "[W]e cannot agree with the prosecution that the *lack of any evidence* regarding appellant's whereabouts on or about April 2007, even considered in light of appellant's prior registration history in California, was sufficient to permit a reasonable inference that appellant remained in California during that time period, which the statute clearly requires. [Citation.] Moreover, we decline to shift the burden to appellant to prove beyond a reasonable doubt that he was in fact residing outside California during that time." (*Ibid.*) The *Wallace* jury instruction on that count nowhere mentioned that the defendant was required to have been living in California at the time of the charged offense, and "considering this instruction and the evidence presented (or not presented) at trial, we cannot be sure the same jury, if properly instructed, would have found (or could have properly found) appellant was residing in

8

California." (*Id.* at p. 1104.) The Court of Appeal reversed the conviction on that count. (*Ibid.*)[3]

Although the prosecution did not need to prove precisely where Brewer was when he failed to register, it was required to present substantial evidence that he resided in California and therefore was subject to the annual registration requirement, the only registration requirement he was charged with and convicted of violating. As in *Wallace*, *supra*, 176 Cal.App.4th 1088, it is not enough to ask the jury to infer from a *lack* of any evidence of his whereabouts that Brewer still resided in California on his birthday seven months after he had last registered in Long Beach, and we decline to shift the burden to Brewer to prove that he did not reside in California at that time. The jury here was properly instructed, but found on insufficient evidence that Brewer resided in California at the time he failed to complete his annual registration as required by the statute.

We therefore reverse Brewer's conviction.[4]

---

[3] The Court of Appeal did affirm the defendant's conviction for "'fail[ing] to notify, in writing, the law enforcement agency he registered with, of his new address or location within five (5) working days.'" (*Wallace*, *supra*, 176 Cal.App.4th at p. 1095.) There was evidence at trial that he was no longer living at his last registered address, and he admitted he failed to inform the agency when he moved. (*Id.* at p. 1096.) The defendant argued there was no evidence that he had established a *new* address, but the statute did not require such evidence. (*Ibid.*)

[4] We therefore need not address Brewer's argument that the jury should have been given a unanimity instruction, or respondent's request that we modify the abstract of judgment.

9

**DISPOSITION**

The judgment is reversed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


10