Filed 12/14/21  Cummins v. Aero-Tech Services CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KENNETH J. CUMMINS, as successor trustee etc., | G059085 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2014-00723072) |
| v. | O P I N I O N |
| AERO-TECH SERVICES, INC., | |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Layne H. Melzer, Judge.  Affirmed.

Winters Law Firm and Dennis Winters for Defendant and Appellant.

Bidna & Keys, Richard D. Keys, Howard M. Bidna and Jordan M. Lane for Plaintiff and Respondent.

\*          \*          \*

Aero-Tech Services, Inc., (Aero-Tech) appeals from the judgment in favor of Kenneth J. Cummins as the successor trustee (hereafter Trustee) of the Krug Family Trust. The judgment renewed for another ten years an earlier judgment that Helen Krug obtained in July 2004 against Aero-Tech for reneging on her right to receive payment under a "salary continuation plan" that her late husband, Henry Krug, negotiated as part of his retirement from Aero-Tech.[1] In September 2004, Helen assigned the judgment to her revocable living trust. The trial court in this matter found that Cummins, as the trustee, in May 2014 timely filed a "suit on the judgment" to renew the judgment before it otherwise would have expired 10 years from the date it was originally entered. As an earlier bench officer explained in his June 2015 ruling denying Aero-Tech's motion for judgment on the pleadings, an "action on the judgment"—as the Trustee here filed—is a valid method to renew a judgment within 10 years after it was entered. Indeed, it is specifically authorized by statute. (Code Civ. Proc., § 683.050.)[2] As we explain more fully below, we find no merit in this or any of Aero-Tech's challenges to the Trustee's renewal of the judgment, and we therefore affirm the renewed judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to Aero-Tech's appellate arguments are few. We set them out briefly and, as required by our standard of review, in the light most favorable to the judgment. (*Williamson v. Brooks* (2017) 7 Cal.App.5th 1294, 1299-1300.) Since neither party requested a statement of decision, we must make all inferences in favor of

---

[1] Because this lawsuit involves several individuals from the same family with the same last name, we use their first names to differentiate between them in subsequent references, as is common in trust and family law matters. This convention is solely for ease of reference and we intend no disrespect.

[2] Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

the judgment (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 59-60 (*Fladeboe*)). This is particularly true where Aero-Tech failed to fulfill its appellate obligation to present a record adequate to prove error (*id.* at pp. 58-59); Aero-Tech has also failed to present *all* the relevant evidence, including evidence supporting the judgment. "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).)

Henry founded Aero-Tech in 1967 to manufacture rubber fuel bladders for use in airplanes and race cars. Henry was the "heart and [soul]" of the company, as the trial court observed during subsequent litigation. In the late 1990's, as part of their retirement plan, Henry and Helen transferred their Aero-Tech stock to their children, Dennis and Carole. In planning for a secure retirement, Henry entered into a written contract with Aero-Tech in which the company agreed to continue to pay him or his beneficiary, Helen, the sum of $300,000 per year for 10 years. The parties referred to the agreement as the "Salary Continuation Plan" (continuation plan). Aero-Tech made the payments for 1998, 1999, and 2000. Henry died in December 2000. Within a few weeks of his death, Dennis became president of Aero-Tech and the company stopped making the payments.

Helen sued and, following a bench trial, the trial court found the continuation plan "valid and enforceable." The court filed a statement of decision and entered judgment on July 13, 2004, for a sum totaling almost $3.2 million. In September 2004, while postjudgment motions were pending, Helen assigned the judgment to her revocable living trust. The court later reduced the judgment to $2.1 million. The parties stipulated to Aero-Tech's request for attorney fees related to a royalties provision that was separate from the continuation plan, and on which Aero-Tech

3

had prevailed at trial. The trial court entered the amended judgment for $2.1 million minus attorney fees on November 15, 2004.

Earlier, in April 2004, as the trustee of the Krug Family Trust (Trust) following Henry's death, and as the trustee of her own revocable living trust under the Trust, Helen appointed Cummins as the sole trustee of the Krug Family Trust and all of its subtrusts. Cummins had extensive experience as a professional trustee. Helen retained the power to remove and appoint trustees. She instructed Cummins not to enforce the judgment against Aero-Tech while Aero-Tech leased real property from the Trust because she did not want any obstacles to collecting the rent. Cummins adhered to that request while also continuing to include the judgment as an asset of the trust on the formal accountings he prepared.

Helen died in April 2014. After Henry's death, Aero-Tech never made any further payments on the continuation plan, nor any payments at all on the 2004 judgment and amended judgment.

On May 15, 2014—which was less than 10 years after the initial judgment in Helen's favor had been entered in July 2004 and amended in November 2004—Cummins filed "suit on the judgment" to renew it. (§ 683.050; see also 683.020, subd. (a) [money judgments "may not be enforced" more than 10 years after entry "[e]xcept as otherwise provided by statute," including by renewal].) After the trial court denied Aero-Tech's motion for judgment on the pleadings in 2015, the case languished until a two-day bench trial occurred in October 2019. The trial court found in favor of the Trustee on his cause of action to renew the judgment. Addressing Aero-Tech's counsel, the court stated that "I think you've made every argument that one could make in this context," but ultimately concluded they were unpersuasive. Accordingly, the court ruled that it was "find[ing] in favor of the plaintiff. So I'm going to renew the judgment." Aero-Tech now appeals.

4

Aero-Tech contends the judgment in favor of the Trustee as Helen's assignee renewing the amended November 2004 judgment must be reversed because "[t]his was [a] botched Assignment and a botched attempt at renewal." Aero-Tech's claims fail for several reasons, including the patent deficiencies in its briefing. (Cal. Rules of Court, rule 8.204(a)(1)(C) [specific record citations required]; rule 8.1115(a) [citation of unpublished opinions prohibited].) Aero-Tech provides no record references; and the unpublished case that Aero-Tech invokes is inapposite. These failings warrant disregarding Aero-Tech's unsupported claims altogether. (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 195; *People v. Wallace* (2009) 176 Cal.App.4th 1088, 1105, fn. 9.)

In any event, Aero-Tech's "botched" assignment and renewal arguments lack merit. Aero-Tech argues the Trustee was not entitled to attempt to renew the judgment reduced by amendment to $2.1 million in November 2004 because Helen assigned to the Trustee "only the earlier, July version [for $3.2 million] that was super[s]eded" by the amended judgment. Aero-Tech later doubles down on this argument: "The only thing assigned to the Trust, if anything was assigned, was the superseded original [July 2004] Judgment."

We are not persuaded. The November 2004 judgment was not a novel creation *ex nihilo* like a judicial Big Bang but rather, by its terms, it amended an existing judgment. That July 2004 judgment had been assigned to the Trustee. We cannot understand why Helen, who Aero-Tech concedes for the sake of argument already assigned the original July 2004 judgment to the Trustee, would have to reassign the judgment to the Trustee again after the court amended that very same, already-assigned judgment. Aero-Tech offers no authority to support this proposition.

Aero-Tech's anti-renewal argument similarly fails. Aero-Tech asserts the Trustee "never filed the required Notice of Assignment under CCP § 673" and asserts

therefore that "[f]ailure to become an Assignee of Record should bar renewal." But Civil Code, section 954.5, subdivision (a), expressly provides that assignment of a judgment is perfected by execution and delivery of the assignment in writing; it requires no assignment of record with a court. As the Law Revision Commission Comment to that provision explains, "Nothing in Section 954.5 requires the filing of an acknowledgment of assignment of judgment with the court in order to accomplish the transfer of the interest in the judgment." Instead, "the section merely covers the priorities between conflicting bona fide assignees of the same right for value and without notice and protects the judgment debtor who pays the judgment creditor without notice of the assignment." (Cal. Law Revision Com. com., 7A West's Ann. Civ. Code (2007 Cal.) foll. § 954.5, p. 105.)

Aero Tech also seems to mistakenly assume the streamlined method for renewal of a judgment provided for in section 683.130 is the sole method to renew or enforce an older judgment. Not so. As the trial court explained in denying Aero-Tech's motion for judgment on the pleadings on this purported basis, section 683.050 expressly provides otherwise: "Nothing in this chapter limits any right the judgment creditor may have *to bring an action on a judgment* [as the Trustee did here], but any such action shall be commenced within the [10-year] period prescribed by Section 337.5." (Italics added.) In light of this express statutory authorization for the Trustee's action, which Aero-Tech fails to address, Aero-Tech's challenge to renewed enforcement of the judgment fails.

Aero-Tech next argues that "[t]he assignment of the judgment voided *any* claim of plaintiff," i.e., the Trustee, to renew the judgment or indeed to undertake any action to enforce the salary continuation plan that was the basis for the judgment. (Italics added; capitalization adjusted.) Aero-Tech argues without any citation to the record that the continuation plan forbade assignment and that "any kind of assignment would terminate it." It is hard to believe the parties intended to prohibit Henry or his beneficiary, Helen, from placing a personal asset under the plan into a personal,

6

revocable living trust for either of them. In any event, Aero-Tech's failure to provide record citations in support of this assertion—or even the plan language on which it purports to rely—and its failure to show it preserved this argument—forfeits the claim on appeal. "'The appellate court is not required to search the record on its own seeking error.'" (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) The standard of review here requires us to presume the judgment is correct unless and until the appellant affirmatively demonstrates otherwise. (*Fladeboe*, *supra*, 150 Cal.App.4th at p. 58.)

Lastly, no evidence supports Aero-Tech's claim that "[t]he entire transaction that resulted in [the] judgment and assignment was the product of a fraudulent scheme perpetrated on defendant [i.e., Aero-Tech] and the original plaintiff [i.e., Helen] in the underlying action." Aero-Tech references a statement of decision in which "Judge Belz [found that] 'The fraud occurred when Dennis was induced to agree to the Interim Settlement Agreement.'" Aero-Tech implies this is somehow relevant to Helen's assignment of her rights under the salary continuation plan to her revocable living trust. But Aero-Tech fails to explain how.

Aero-Tech also omits the fact that Judge Belz's finding arose in separate litigation between Dennis and Carole. Aero-Tech also fails to mention that the alleged fraud was *not* an issue on which it presented evidence or argument *in this case* to the trial court below. As respondent points out, "Aero-Tech introduced no evidence at trial to support the [fraud-perpetrated-by-Carole] argument, did not mention the claim in closing argument [transcript citation], and points to no evidence to support the argument in its brief on appeal." The argument therefore furnishes no basis for reversal of the trial court's renewal of the judgment.

7

## DISPOSITION

The judgment is affirmed.   Respondent is entitled to his costs on appeal.


GOETHALS, J.

WE CONCUR:


FYBEL, ACTING P. J.


MARKS, J.*


 *Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.