Filed 4/12/23  P. v. Graves CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096200 |
| v. | (Super. Ct. No. 21F4947) |
| BRIAN LEWIS GRAVES, | |
| Defendant and Appellant. | |

A jury found defendant Brian Lewis Graves guilty of failure to register as a transient sex offender and failure to update his registration annually.  The trial court imposed an aggregate sentence of two years eight months for this case and another case not involved in this appeal.

Defendant now contends (1) the trial court erred in denying his motion for entry of a judgment of acquittal pursuant to Penal Code section 1118.1,[1] and (2) the trial court should have granted his request to represent himself. The People agree reversal is appropriate because the prosecution failed to prove an essential element of the charges: that defendant resided in California during the relevant time period.

Under the circumstances, we will reverse the convictions and direct the trial court to enter a judgment of acquittal.

BACKGROUND

Defendant was convicted of sex crimes in 2003, 2015, and 2017, requiring sex offender registration. The California Sex and Arson Registry (CSAR) is a state database that tracks required registration. A registrant is required to register annually within five working days of their birthday. (§ 290.012, subd. (a).) In addition, a transient registrant living in California must update their information at least every 30 days. (§ 290.012, subd. (c).)

On October 11, 2019, Justin Benson was the officer of the day in the Redding parole office. Defendant reported to the office after being released from county jail. Benson discussed the conditions of parole with defendant, including defendant's duty to register as a sex offender.

Defendant updated his registration on January 23, 2020. On March 3, 2020, CSAR automatically recorded a transient violation when defendant did not update his registration. Defendant updated his registration on May 21, 2020 and June 4, 2020, but CSAR recorded another transient violation on July 5, 2020 when defendant failed to update his registration. CSAR recorded an annual violation on January 8, 2021, after

---

[1] Undesignated statutory references are to the Penal Code.

2

defendant failed to update his registration within five working days of his December 28 birthday.

On June 25, 2021, Benson called the records supervisor at the Redding Police Department to inquire about defendant's failure to update his sex offender registration for a year. Because defendant was on parole, he was required to inform the Redding parole office before leaving the area or moving. The office had not received information that defendant had left the area. Previously, when Benson had interacted with defendant or searched for him, defendant had been located in Redding in the area near his sister's house.

The People initially charged defendant with felony failure to register as a transient sex offender (§ 290.012, subd. (c) -- count 1) and failure to update his registration annually (§ 290.012, subd. (a) -- count 2). Defendant's case was tried by a jury.

At the close of the prosecution's evidence, defense counsel made a verbal motion pursuant to section 1118 on the ground that there was insufficient evidence to demonstrate that count 1 was a felony. Defense counsel also made a general motion under section 1118 as to count 2. Defendant asserts the trial court clearly understood the motion was made under section 1118.1 rather than section 1118, and the Attorney General does not disagree.[2] Section 1118.1 provides, in pertinent part: "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." We will refer to defendant's motion as one for a judgment of acquittal.

---

[2] Section 1118.1 pertains to a case, such as this one, tried before a jury, whereas section 1118 pertains to a case tried by the court without a jury.

3

The trial court amended the transient registration count to make it a misdemeanor and denied the motion for a judgment of acquittal. It instructed the jury on the elements of transient and annual sex offender registration violations, including that the prosecution must prove that defendant resided in Redding.

In closing argument, defense counsel said Benson testified he had not been informed defendant left the state, but that the absence of information about whether defendant left California was not proof that defendant resided in California. The prosecutor responded that defendant had been in Redding for years, he lacked housing, his family lived in Redding, he lived by his family, and Benson had previously known where to find defendant. The jury found defendant guilty on both counts.

The trial court sentenced defendant to the middle term of two years on the annual registration count, plus eight months consecutive in an unrelated case, and 164 days concurrent on the transient registration count. The trial court awarded defendant 625 days of credit against the consecutive sentences.

DISCUSSION

Among other things, defendant contends the trial court erred in denying his motion for a judgment of acquittal because the People failed to prove he was a California resident during the relevant time period. The People agree reversal is appropriate.

A defendant is not required to specify the grounds for a motion for a judgment of acquittal and there is no requirement that the motion be made in a particular form. (*People v. Belton* (1979) 23 Cal.3d 516, 521-522; *People v. Martinez* (1982) 132 Cal.App.3d 119, 127-130.) We review a trial court's denial of a motion for a judgment of acquittal "under the standard employed in reviewing the sufficiency of the evidence to support a conviction." (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) " '[W]e do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence -- evidence that is reasonable, credible and of solid value -- such that a

4

reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*Ibid.*) In reviewing an order denying a motion for a judgment of acquittal made at the close of the prosecutor's case-in-chief, we focus on the state of the evidence as it stood at that point in time. (*Ibid.*)

Defendant was charged in count 1 with a violation of section 290.012, subdivision (c), which provides in relevant part that "every person subject to the [Sex Offender Registration] Act, while living as a transient in California, shall update his or her registration at least every 30 days, in accordance with Section 290.011." And in count 2, defendant was charged with a violation of section 290.012, subdivision (a), which provides in relevant part that "the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subdivision (b) of Section 290." Section 290, subdivision (b) specifies that the relevant statutory scheme applies to a person "while residing in California . . . ."

*People v. Wallace* (2009) 176 Cal.App.4th 1088 is instructive. In *Wallace*, the defendant, a sex offender, was convicted of failing to notify appropriate authorities within five working days of changing his address or location, failing to register within five days of changing his address or location, and failing to complete his annual registration, even though there was no evidence of the defendant's whereabouts after he left his last address. (*Id.* at pp. 1091, 1094, 1103.) Interpreting the same language as is relevant in this case (see *Wallace*, at p. 1105 [applying § 290, former subd. (a)(1)(D)]), the court in *Wallace* held that the defendant could only violate the statute if he resided in California during the relevant time period. (*Wallace*, at pp. 1105-1107.) Although the defendant had a prior registration history in California, there was no evidence of his whereabouts during the relevant time to support a reasonable inference that he was in California. (*Id.* at pp. 1103, 1107.) The court would not shift the burden to the defendant to prove that he was residing outside California. (*Id.* at p. 1103.)

5

Here, the prosecutor argued to the jury that People's exhibit 3 (the sex registration packet) and a parole officer's testimony established that defendant resided in Redding. The prosecutor pointed to the facts that defendant was homeless, he lived by his family in Redding, he had a long history of residing in Redding, his parole officer knew the general area in Redding where defendant lived as a transient, and the parole officer had previously located defendant in Redding. But People's exhibit 3 does not contain information about defendant's whereabouts during the dates alleged in the complaint, i.e., June 25, 2021, when defendant allegedly failed to re-register as a transient, and December 28, 2020, when defendant allegedly failed to complete his annual registration. And although defendant's parole officer testified about where defendant generally resided and where the parole officer had located defendant in the past, the parole officer did not testify about where defendant was living or located in December 2020 or June 2021. The evidence showed defendant was in California when he met with the parole officer on October 11, 2019, and when he updated his registration on May 21, 2020 and June 4, 2020, but after those dates, there was no proof that defendant resided in California. There was also no evidence about where defendant was arrested in 2021. The jury could not reasonably infer from the lack of evidence about defendant's whereabouts in December 2020 and June 2021 that defendant remained in Redding after he last updated his registration information in June 2020. (*Wallace, supra*, 176 Cal.App.4th at pp. 1103, 1107.) And it would be improper to shift the burden to defendant to prove that he moved outside the state during the relevant period and was therefore not subject to the registration requirements. (*Id.* at p. 1103.)

Because insufficient evidence supports the convictions, we will reverse the judgment and direct the trial court to enter a judgment of acquittal on counts 1 and 2. Given our conclusion, we need not address defendant's other claims.

6

## DISPOSITION

The convictions are reversed and the trial court is directed to enter a judgment of acquittal.

_____/S/_____
MAURO, Acting P. J.

I concur:

_____/S/_____
KRAUSE, J.

7

McADAM, J., Dissenting.


I respectfully dissent. I conclude there was substantial evidence to support the jury verdict.

Defendant Brian Lewis Graves failed to update his annually required sex offender registration on December 28, 2020, and failed to update his registration as a transient on June 25, 2021. These key dates are six months and one year, respectively, from the last documented interactions defendant had with the Sex Offender Registration Unit in Shasta County. Despite the lack of direct evidence or more recent circumstantial evidence of proof of residence, at trial the prosecution produced reasonable, credible, and solid circumstantial evidence to meet its burden and establish the residence requirement for both sex registration offenses beyond a reasonable doubt.

According to the California Sex and Arson Registry (CSAR) report detailing defendant's registration history, defendant has a current 17-year history of residing in Shasta County starting with his initial conviction in Shasta County in 2003. At that time, and for the next three years, defendant reported living at an address in Anderson in Shasta County. From 2006 to June 2020, defendant reported various other addresses in Shasta County, specifically in Redding, Anderson, Shasta Lake, and occasionally as a transient. The record also contains the packet showing defendant twice more pleaded guilty to indecent exposure in Shasta County Superior Court in 2007 and 2015. In December 2009, defendant registered with the Shasta County Sheriff's Department's Sex Offender Registration Unit. In April 2017, defendant resided in the Shasta County jail. Upon his release from incarceration in December 2018, defendant again registered as a Shasta County resident. Defendant most recently registered as a transient (i.e. homeless) in Shasta County on May 21, 2020, and June 4, 2020. Under the heading "Vehicle(s)," the CSAR report stated, "NO DATA FOUND."

1

Parole Agent Justin Benson testified defendant was under the supervision of the parole office in Shasta County. While Agent Benson was not defendant's supervising parole officer, Agent Benson periodically interacted with defendant during the prior four or five years. When he has searched for defendant, Agent Benson has found him generally in the Victor area of Redding and testified defendant stays close to his sister's Redding home. Parolees are not allowed to leave the county without notifying the parole office, and Agent Benson had not received any notice defendant had departed.

When evaluating defendant's challenge to his conviction based on the sufficiency of the evidence, we "presume[ ] in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence," and we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence — evidence that is reasonable, credible and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "Although it is the jury's duty to acquit a defendant if it finds the circumstantial evidence susceptible of two reasonable interpretations, one of which suggests guilt and the other innocence, it is the jury, not the appellate court that must be convinced of the defendant's guilt beyond a reasonable doubt." (*Id.* at pp. 1053–1054.) " ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment. [Citation.]" ' " (*Id.* at p. 1054.)

Here, the evidence demonstrates defendant has long-established ties to and residency in Shasta County over the prior 17 years. He engages in his criminal activities in Shasta County. He stays near his family in Shasta County and Agent Benson often found him in this area. The jury also received evidence defendant is transient (homeless) and has no known car. He was on parole and was not allowed to leave without notifying the parole department. Taken together, this solid, credible circumstantial evidence gives

2

rise to the reasonable and logical inference defendant established his residence in Redding in 2003 and has not left since.

Direct evidence of the defendant's residence the day he must register is most often likely to be unavailable, as by definition, these registrants are evading the authorities. Thus, the prosecution most often will be required to use circumstantial evidence to prove its case. " 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence. [Citation.]' " (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) And of course, the law does not favor direct evidence over circumstantial evidence. (CALCRIM No. 223.)

Here, the trial court properly instructed the jury on all necessary matters, including the presumption of innocence, the burden of proof beyond a reasonable doubt, proof by circumstantial evidence, the one witness rule to prove any fact, the production of evidence rule that neither side is required to produce or call all witnesses who may have information about the case, and the element of residency.

While one might want to see a stronger case with testimony from an arresting officer or the defendant's sister about defendant's whereabouts and not just hear from a parole agent, the jury was well within the law to reach a verdict on the circumstantial evidence produced.

Following these instructions, the prosecution and defense traded closing arguments almost exclusively focused on the evidence in the record regarding defendant's residence. Properly instructed and based upon the evidence, the jury came to the logical abiding conviction the evidence established defendant remained a resident of Shasta County six months after his most recent registration when he failed to register in December 2020, and six months after that when he failed to register in June 2021.

My colleagues rely on *People v. Wallace* (2009) 176 Cal.App.4th 1088. The decision is poorly reasoned and should not be followed. In *Wallace*, the trial court failed to instruct the jury the prosecution had to prove the defendant's residence in the local

3

jurisdiction. (*Id.* at p. 1104.) Worse, when asked whether the prosecution had to prove the defendant's residence to convict him for violating the annual registration requirement, the trial court affirmatively told the jurors residency was not an element of the charge. (*Id.* at p. 1107.) Thus, in *Wallace* the appellate court was examining whether these errors were harmless beyond a reasonable doubt, not whether a properly instructed jury could determine on the evidence defendant was a resident. (*Id.* at pp. 1104, 1107.) In this context, the trial court wrongfully relieved the prosecution of its burden, and thus, it should be no surprise that insufficient evidence was produced. Simply put, the element of the defendant's residence was not an issue at trial. Therefore, drawing conclusions here about the sufficiency of evidence based on what failed is a meaningless exercise. The decision in *Wallace* should not inform any court about how to adjudicate the residency issue of a sex registration case — other than, to underscore that the trial judge should properly instruct.

By reversing the judgment, the majority is concluding that the trial judge and the jury did not do their respective jobs. I disagree. The cornerstone of a jury trial has long been the application of common sense and that is what prevailed here. (*People v. Collis* (1916) 30 Cal.App. 656, 663.) For the reasons stated herein, I would affirm the judgment.

\S\ _____,
McADAM, J.*

---

\*      Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.