[No. C048031. Third Dist. Mar. 28, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER RAYMOND MUSOVICH, Defendant and Appellant.

**COUNSEL**

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stan Cross and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.**—A jury found defendant Peter Raymond Musovich guilty of failing to register as a sex offender. The court found he had served three prior prison terms and sentenced him to state prison for an aggregate term of six years.

On appeal, defendant contends: (1) he was not properly convicted of violating former Penal Code[1] section 290, subdivision (g)(2) "because the prosecutor did not properly charge, nor did the court instruct on what may constitute a violation of that statute"; and (2) former section 290 as applied to him is void for vagueness. We shall affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. References to former section 290 are to the version in effect at the time of the charged offense. (Stats. 2002, ch. 664, § 171.)

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is required to register as a sex offender for the rest of his life because of a prior felony conviction for sexual battery. On August 1, 2003, parole agent Larry Dunn met with defendant at the parole office and reviewed the sex offender registration requirements with him. Defendant said he was familiar with the requirements.

On August 6, 2003, defendant registered his residence at the Yuba City Police Department by filling out a form entitled "Registration Change of Address/Annual Update." He listed his address as 700 Palora Avenue, which was the location of Days Inn in Yuba City. Defendant signed his name below the following statement: "I have been notified of my duty to register as a convicted sex offender under PC § 290 . . . . I have read, understood, and initialed each registration requirement as specified on the reverse side of this form." (Boldface omitted.)

The reverse side of the form, entitled "Registration Notification Statement," listed several duties imposed upon sex offenders such as defendant, including the following: (1) "Upon coming into, or when changing my address or transient location within, any city, county, or city and county in which I am residing or located, I must register with the law enforcement agency having jurisdiction over my residence or location . . . within 5 working days"; (2) "When changing my residence address, or transient location either within California or out of state, I must inform the registering agency with which I last registered of the new address or transient location . . . within 5 working days"; (3) "If I have no residence address (transient), in addition to the requirement to register annually with [*sic*] 5 working days of my birthday, I must update my registration information at least once every 60 days and register a change of transient location within 5 working days with the law enforcement agency having jurisdiction over my location." (Boldface omitted.)

Defendant signed under penalty of perjury that he "read, understood, and initialed each registration requirement specified" on the form.

On August 22, 2003, Agent Dunn went to Days Inn to check on defendant. The desk clerk informed him that defendant was no longer there. Agent Dunn then contacted the Yuba City Police Department and learned that defendant had reregistered on August 15, 2003, with a new address of 1487 Upland Drive in Yuba City.

On August 23, 2003, Agent Dunn went to the Upland Drive address and spoke with the owner of the house, Elizabeth Cooksey. Defendant was not present and there was no indication he was living in the house. Cooksey did not provide Dunn with any information on where defendant could be located.

Cooksey testified that, four or five days before Agent Dunn's visit, she had asked defendant to leave because he had not reported his address to parole and she believed "parole would come and kick [her] front door in looking for [defendant]."

Agent Dunn again checked with the Yuba City Police Department "and/or" the Sutter County Sheriff's Department to determine whether defendant had registered at any other address. He had not.

On September 11, 2003, Agent Dunn located defendant at 3863 Highway 20, space No. 2, in Yuba City. Agent Dunn was not able to determine whether defendant was living or residing at that address.

Agent Dunn checked with the state Department of Justice and learned that defendant's last registration was with the Yuba City Police Department on August 15, 2003, in which he had named the Upland Drive address as his residence.

## DISCUSSION

## I

### *Alleged Pleading and Instructional Errors*

Defendant contends his conviction must be reversed because the court did not properly instruct the jury on section 290 and the prosecution did not properly charge the acts that constituted a violation of that section. We find no reversible error.

Defendant was charged by information with a violation of former section 290, subdivision (g)(2), for being "a person required to register under this section based on a felony who did willfully violate any requirement of this section."

The prosecution elected to proceed under the theory that defendant was guilty of the offense "if he willfully failed to register when he left that residence on Upland." The prosecution argued to the jury that defendant was required to register within five working days of August 23, 2003, the date that Agent Dunn went to the Upland Drive residence to check on defendant's whereabouts.

Consistent with the prosecution's election, the court instructed the jury as follows: "Any person who is required to register under this section based on a felony conviction who willfully violates any requirement of this section is guilty of the crime of failure to register, in violation of Section 290(g)(2) of the Penal Code. In order to prove this crime each of the following elements must be proved: one, a person is required to register under [section] 290 of the Penal Code; two, the requirement to register under [section] 290 of the Penal Code is based on a felony conviction; three, a person willfully violat[ed] the requirement of [section] 290 by failing to register with the Police Department or Sheriff's Office having jurisdiction over [the] resident's or transient['s] location within five working days of changing residence, address, or becoming transient."

On appeal, defendant argues that this instruction was not a correct statement of law because "where the evidence tends to show the registrant moved from his last registered address, failing to register under subdivision (a)(1)(A) is not enough to prove a violation of subdivision (g)(2) unless the prosecutor *also* proves the registrant failed to notify the law enforcement agency in writing within five working days, pursuant to subdivision (f)(1)." Defendant is mistaken.

■ Section 290, subdivisions (a)(1)(A) and (f)(1) "are separate, albeit closely related, requirements." (*People v. Britt* (2004) 32 Cal.4th 944, 951 [12 Cal.Rptr.3d 66, 87 P.3d 812].) Section 290, subdivision (a)(1)(A), requires sex offenders in California to *register* with the appropriate law enforcement authorities within five days of changing their residence or location. Section 290, subdivision (f)(1), requires those offenders, when they move, to *inform* the law enforcement agency where they last registered of their new address or location. A defendant may be convicted of violating both of these subdivisions. (*Britt*, at p. 951.)

Here, the prosecution elected to proceed on a theory of defendant's guilt based on his failure to register when he moved out of the Upland Drive residence, which allegedly was a violation of section 290, subdivision (a)(1)(A). Based on this election, the court's instruction correctly

informed the jury that in order to convict defendant, it had to find that defendant willfully failed to register with the law enforcement agency having jurisdiction over his location within five working days of changing his residence or address or becoming transient. The court's failure to include the elements of subdivision (f)(1) was not error.

While the prosecution failed to charge defendant in the information with a violation of section 290, subdivision (a)(1)(A), the error in so doing was harmless because it did "not prejudice a substantial right of the defendant." (§ 960.)

The prosecution's closing argument clearly demonstrated its election to proceed solely under section 290, subdivision (a)(1)(A), the court's instruction covered only that violation, and defendant has never claimed that the information failed to adequately notify him of the charge against him or that the variance affected his defense. Indeed, it is inconceivable that the defense presented, which called into question the testimony of Elizabeth Cooksey and Agent Dunn and claimed that the prosecution had not proved beyond a reasonable doubt that defendant no longer resided at the Upland Drive address, would have been altered in any way had the information expressly charged a violation of section 290, subdivision (a)(1)(A). The pleading error does not warrant reversal of defendant's conviction.

## II

### Vagueness Challenge to Former Section 290, Subdivision (a)(1)(A)

Defendant contends that his conviction must be reversed because former section 290, subdivision (a)(1)(A) is unconstitutionally vague.[2] In making this argument, defendant relies on *People v. North* (2003) 112 Cal.App.4th 621 [5 Cal.Rptr.3d 337] (*North*).

In *North*, the defendant successfully challenged his convictions for violating former section 290, subdivisions (a)(1)(A) and (f)(1). (*North, supra,* 112 Cal.App.4th at p. 636.) In that case, North's parole agent gave him a voucher

---

[2] Defendant's argument also includes a challenge to the constitutionality of former section 290, subdivision (f)(1) on the same grounds. However, as we have stated in part I of the Discussion, *ante*, defendant's conviction was premised on former section 290, subdivision (a)(1)(A). Therefore, we limit our discussion to the constitutionality of former section 290, subdivision (a)(1)(A) as applied to defendant.

to pay for a motel room in Redwood City and told him to register that address with the Redwood City Police Department. (*Id.* at p. 625.) The officer who took North's registration told him he would have to come into the registering agency every day if he became homeless and provide an address each time. (*Id.* at p. 625.) North eventually checked out of the motel at which he was registered and became transient and homeless. (*Id.* at pp. 625–626.) He failed to notify police or his parole agent of his change of residence. (*Id.* at p. 626.) North testified that some nights he " 'sle[pt] on the side of freeways,' " some nights he " 'walk[ed] around half of the night, sleep[ing] at bus stations,' " and some nights he " 'stay[ed] with a friend [he] met along the way.' " (*Ibid.*) During this time he went " 'back and forth' " between Redwood City and San Mateo. (*Ibid.*) North was convicted of failing to register as a sex offender under former subdivision (a)(1) of section 290 and failing to inform the authorities of his new address under former subdivision (f)(1) of section 290. (*North*, at p. 627.)

On appeal, the court held, "when the Legislature used 'location' to require registration or notification of particular places where an offender may regularly be found, it failed to provide enough specificity for either the offender or the authorities to understand what the statute demands. The provisions of section 290, subdivisions (a)(1)(A) and (f)(1) requiring reregistration and written notification upon a change of 'location' are void for vagueness . . . ." (*North, supra,* 112 Cal.App.4th at p. 634.)

The *North* court qualified its holding when the change of location was to a different jurisdiction: "when the Legislature used 'located' as a basis for identifying the jurisdictions in which registration is required, it provided the offender and the authorities with a reasonably certain registration requirement." (*North, supra,* 112 Cal.App.4th at p. 634.) Accordingly, the requirement that an offender register when he changes his location to a different jurisdiction is not void for vagueness. (*Ibid.*)

The *North* court then explained: "Our interpretation of the statute accounts for offenders who change status from resident to transient, as did North in this case, or from transient to resident. The reregistration requirements in these situations pass muster under the vagueness doctrine, so long as transient offenders are not required to provide the authorities with statutorily unspecified 'locations.' An offender registered as a resident who becomes transient

has five working days to reregister as a transient under the terms of section 290, subdivisions (a)(1)(A) and (e)(2)(E). A transient offender who acquires a place to stay with an address for a period of five working days must reregister as a resident." (*North, supra,* 112 Cal.App.4th at p. 635.)

Ultimately, the *North* court determined that North's conviction for failing to register upon his change from a resident to a transient had to be reversed, but not because section 290 was unconstitutionally vague in this regard. The court explained: "The provisions governing reregistration after a change from residential to transient status are not unconstitutionally vague, as we have construed them. However, the vague aspects of the statute infected the information the police gave North regarding his registration obligations, according to the undisputed evidence. North was *not* required by the statute to register daily, or to provide the address where he would be sleeping each night. Having been so misinformed, North lacked the actual knowledge of the registration requirements our Supreme Court has held necessary to establish a willful violation of section 290." (*North, supra,* 112 Cal.App.4th at p. 636.)

Relying on *North*'s holding that the provision of former section 290, subdivision (a)(1)(A) requiring reregistration upon a change of "location" is void for vagueness (*North, supra,* 112 Cal.App.4th at p. 634), defendant contends "the statute failed to provide adequate notice of what was necessary to avoid prosecution under subdivision (a)(1)(A) . . . ." We disagree.

█ A "statute will not be held void for vagueness 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 [60 Cal.Rptr.2d 277, 929 P.2d 596].) Former section 290, subdivision (a)(1)(A) requires an offender to register with the law enforcement agency where he is residing or located "within five working days of . . . changing his . . . residence or location within, any city . . . in which he . . . temporarily resides, or, if he . . . has no residence, is located."

█ Former section 290, subdivision (a)(1)(A) reasonably can be construed to require an offender who leaves his residence to reregister with the law enforcement agency where he currently is residing or located. It is only when a transient offender moves from location to location that the concept of change of residence does not apply and the concept of change of location is the sole governing criterion—a criterion *North* held is unconstitutionally vague unless the change of location is to another jurisdiction. (See *North, supra,* 112 Cal.App.4th at pp. 634–635.)

■ It is of no consequence whether defendant had moved to the address where law enforcement found him on September 11, 2003, or was merely a transient who was temporarily there. It still can be said he changed his residence, so as to trigger the reregistration requirement. Case law interpreting the word "changes" in the context of the sex offender registration statute states that its primary dictionary definition is to make " ' "different in some particular." ' " (*People v. Vincelli* (2005) 132 Cal.App.4th 646, 651 [33 Cal.Rptr.3d 839].)[3] There can be no doubt that when an offender leaves the residence at which he has registered, he has made his residence different.

■ In this case, the record demonstrates that defendant had moved out of the residence on Upland Drive, making his residence different, and he was given adequate notice to comply with the reregistration requirements in this circumstance. On August 6, 2003, defendant signed a registration notification statement informing him that "[u]pon coming into, or when changing [his] address or transient location within, any city, county, or city and county in which [he is] residing or located, [he] must register with the law enforcement agency having jurisdiction over [his] residence or location . . . within 5 working days." (Boldface omitted.) His signature on the form and his initials next to this requirement indicated he had read and understood this requirement.

Consistent with the above requirement, when defendant moved from Days Inn on Palora Avenue to a home on Upland Drive, he reregistered as a resident of the house. By August 23, 2003, defendant and his belongings were no longer in the house, as Cooksey had asked defendant to leave four or five days prior because defendant had not reported his address to parole. Agent Dunn located defendant on September 11, 2003, at 3863 Highway 20, space No. 2, in Yuba City. Defendant had not updated his registration after leaving the Upland Drive address.

Given these facts, defendant clearly had changed his residence from Upland Drive, triggering a duty to reregister, and he knew of such a duty. Accordingly, defendant has provided no basis for reversal of his conviction.

---

[3] *People v. Vincelli, supra,* 132 Cal.App.4th at page 646, is a recent case from this court that examined whether section 290, subdivision (f)(3), which requires a sex offender to register upon " 'chang[ing] his or her name,' " is void for vagueness in the situation where a sex offender adopted an alias but also retained his given name. (132 Cal.App.4th at pp. 646, 650–651.) Applying the commonsense meaning of the word "changes," this court held that the facial language of section 290, subdivision (f) was sufficiently certain to notify the defendant that his conduct required him to reregister as a sex offender. (132 Cal.App.4th at p. 652.) There was no doubt that going from using a single name to using two distinct names made the defendant's name "different." (*Ibid.*)

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Davis, J., concurred.