Filed 1/29/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B330995, B333974 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LAC22017) |
| v. | |
| CHRISTOPHER HAMILTON, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Law Offices of Shaun Khojayan, Shaun Khojayan; Law Office of Steven Brody and Steven A. Brody for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

## INTRODUCTION

Appellant Christopher Hamilton was convicted of federal felony possession of child pornography. After a federal district court terminated Hamilton's federal sex offender registration requirement, the California Attorney General notified him of his lifetime obligation to register for the federal conviction, pursuant to Penal Code section 290.005, subdivision (a).[1] The Attorney General determined that the felony version of possession of child pornography under state law was the equivalent of the federal felony offense of which Hamilton was convicted. This equivalent state offense required lifetime registration by placing Hamilton in the highest tier of California's three-tier scheme under section 290. Hamilton petitioned the Superior Court to terminate his state registration requirement. The Superior Court heard and denied the petition and a subsequent amended motion. Hamilton appeals from the denials of his petition to terminate his registration and amended motion based on violations of equal protection and due process. We affirm.

## PROCEDURAL BACKGROUND

On May 11, 2009, Hamilton was convicted of one count of felony possession of child pornography in violation of section 2252A(a)(5)(B) of title 18 of the United States Code.[2] Based on his conviction, Hamilton was required to register as a federal sex offender for 15 years. He was released from custody in 2012.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The trial court observed that Hamilton's federal conviction involved his use of peer-to-peer networks to share images and videos of child pornography. No other factual basis for Hamilton's conviction exists in the record.

2

On May 20, 2022, a federal district court terminated Hamilton's registration obligation pursuant to a stipulation into which he entered with the federal prosecutor. Hamilton had registered for 10 years.

On September 15, 2022, the California Department of Justice, Office of the Attorney General notified Hamilton that his federal felony conviction required sex offender registration under California law. The Attorney General designated Hamilton as a Tier 3 offender under section 290, subdivision (d)(3), requiring him to register for life.

On September 27, 2022, Hamilton petitioned the Superior Court to terminate or reduce the term of registration under California law. On January 31, 2023, the Los Angeles County District Attorney filed an opposition. On March 20, 2023, the trial court denied Hamilton's petition. On May 16, 2023, he filed an amended motion to terminate his registration obligation. On September 25, 2023, the parties argued at a hearing.[3] On September 27, 2023, the trial court issued an order denying the amended motion.

On October 12, 2023, Hamilton filed a timely notice of appeal.[4]

---

[3] The trial court stated the amended motion was procedurally improper because Hamilton failed to satisfy the requirement of cause to reconsider the previous denial of his petition to vacate registration.

[4] On January 25, 2024, an appeal filed in B333974 was consolidated into this appeal.

**DISCUSSION**

## I. California's Sex Offender Registration Scheme

California's Sex Offender Registration Act requires persons convicted of specific sex crimes to register as sex offenders. (§ 290, subds. (b), (c); *People v. Mosley* (2015) 60 Cal.4th 1044, 1048.) California's registration law previously "took a one-size-fits all approach," requiring lifetime registration for all eligible offenses or circumstances. (*People v. Franco* (2024) 99 Cal.App.5th 184, 190.) Law enforcement agencies struggled to supervise registrants who posed the greatest risk to public safety because the one-size-fits-all approach created the largest number of registrants in the nation. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 894 (dis. opn. of Werdegar, J.) (*Johnson*).)

### A. Amendments by Senate Bill No. 384

In 2017, to alleviate the overburdened system, the Legislature amended the sex offender registration statute with Senate Bill No. 384 (2017–2018 Reg. Sess.). Effective January 1, 2021, section 290 adopted a three-tiered scheme that required offenders to register based on the risk they pose. (Stats. 2017, ch. 541, § 2.5; § 290, subd. (d)(1)–(3).) Tier 1 allows registrants to apply for termination of the registration requirement after 10 years.[5] (§ 290, subd. (d)(1).) Tier 2 generally allows for

---

[5] After Tier 1 or Tier 2 registrants have completed the minimum term, they may petition to be removed from the registry and terminate their duty to register. (§ 290.5, subd. (a)(1).) The trial court may summarily deny a petition for termination if the registrant does not satisfy the statutory requirements. (*Id*., subd. (a)(1)–(2).) If the court does not summarily deny the petition, the prosecutor may request a hearing to determine whether "community safety would be

4

termination after 20 years. (*Id.*, subd. (d)(2).) Tier 3 generally requires lifetime registration. (*Id.*, subd. (d)(3).) Placement in Tiers 1 and 2 depends on the crime of which the registrant was convicted. (*Id.*, subd. (d)(1)(A) & (2)(A).) Placement in Tier 3 depends on the crime of which the registrant was convicted, or on the risk level determined by the static risk assessment instrument for offenders, his recidivism, or prior sexual violent predator commitment. (*Id.*, subd. (d)(3).)

### B. *Registration for Out-of-Jurisdiction Offenses*

Offenses mandating registration are listed in section 290, subdivision (c). Registration is also required for a person "convicted in any other court, including any state, federal, or military court, of any offense that, if committed or attempted in this state, based on the elements of the convicted offense of facts admitted by the person or found true by the trier of fact . . . would have been punishable as one or more of the offenses described in subdivision (c) of Section 290 . . . ." (§ 290.005, subd. (a).) "A person who is required to register pursuant to Section 290.005 shall be placed in the appropriate tier if the offense is assessed as equivalent to a California registerable offense described in subdivision (c)." (§ 290, subd. (d)(4)(A).)

Hamilton was convicted of the federal offense of possession of child pornography in violation of title 18 of the United States Code section 2252A(a)(5)(B). This federal offense is a felony that provides punishment of either a fine or imprisonment for not

---

significantly enhanced by requiring continued registration." (*Id.*, subd. (a)(3).) If the prosecutor does not request a hearing, the court must grant the petition if the registrant is currently registered, has no pending charges, and is not in custody or on any type of supervised release. (*Id.*, subd. (a)(2).)

more than 10 years, or not more than 20 years if the child was a prepubescent minor or a minor under 12 years of age. (18 U.S.C. § 2252A(b)(2).) The Attorney General determined that the state law equivalent of this crime is section 311.11.

Possession of child pornography in violation of section 311.11 is a wobbler because it can be punished as either a misdemeanor or felony. (*In re H.N.* (2022) 76 Cal.App.5th 962, 967.) Either version requires sex offender registration. If convicted of the misdemeanor version, the defendant is designated as a Tier 1 offender who must register for at least 10 years. (§ 290, subd. (c)(1).) If convicted of the felony version, the defendant must register for life as a Tier 3 offender. (§ 290, subd. (d)(3)(R).)

## II. Equal Protection Challenge

Hamilton does not dispute the Attorney General's determination that section 311.11 is the state offense equivalent to his federal offense. But he does dispute the Attorney General's classification of the offense as a felony with a lifetime registration requirement, pursuant to section 290, subdivision (d)(4)(A). Specifically, Hamilton asserts that violators of the misdemeanor version of section 311.11 and violators of the federal possession of child pornography offense are similarly situated but placed in different tiers without justification. He argues that this difference violates state and federal equal protection.

The federal constitution's Fourteenth Amendment and article I, section 7 of the California Constitution guarantee equal protection of the laws. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a); *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 571–572.) These guarantees prohibit unequal treatment of a group by the government, absent some

6

justification.  (*People v. Hardin* (2024) 15 Cal.5th 834, 847 (*Hardin*); *People v. Chatman* (2018) 4 Cal.5th 277, 288.)  The California Supreme Court has seen no reason to distinguish the state and federal guarantees of equal protection in challenges to consequences associated with criminal offenses.  (*Johnson*, *supra*, 60 Cal.4th at p. 881; *Chatman*, at p. 287.)

The degree of justification required depends on the type of unequal treatment by the challenged law.  (*Hardin*, *supra*, 15 Cal.5th at p. 847.)  Traditionally, the rational basis analysis applies when the challenge does not claim the law involves a suspect classification or denial of a fundamental right.  (*Ibid*.)  Sex offender registration imposed by section 290 does not establish a suspect classification, nor implicate a fundamental right.  (*People v. McKee* (2010) 47 Cal.4th 1172, 1211, fn. 14 (*McKee*); *Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 511.)  Rational basis analysis thus applies to Hamilton's challenge to the sex offender registration laws.  The parties do not argue otherwise.

Traditionally, under the rational basis analysis, the court is to consider " 'whether the state adopted a classification affecting two or more groups that are similarly situated in an unequal manner. [Citation.]' " (*Hardin*, *supra*, 15 Cal.5th at p. 848.)  If the classification does so, the court next considers " 'whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose.' " (*Ibid*.)  The Supreme Court has simplified this analysis by skipping the determination of whether the groups are similarly situated.  Instead, it focuses on "whether the challenged difference in treatment is adequately justified under the applicable standard of review." (*Id.* at p. 851.)  The

7

Court has placed "[t]he burden on the party challenging the law to show that it is not." (*Ibid.*)

In determining whether a rational basis exists for the different treatment, "a court may engage " 'in rational speculation' " as to the justifications for the legislative choice [citation]." (*Johnson, supra,* 60 Cal.4th at p. 881.) " 'It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' " (*Ibid.*) The challenger must " ' "negative every conceivable basis" ' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' [Citations.]" (*Ibid.*)

We review the trial court's denial of Hamilton's petition for termination of registration for abuse of discretion. (*People v. Franco, supra,* 99 Cal.App.5th at pp. 192–193.) We review conclusions of law, such as those required for this challenge to the sex registration law on equal protection or due process grounds, de novo. (*Ibid.*)

### A. Adequate Justification

We cut to the chase as directed by the Supreme Court, skipping the similarly situated determination. Instead, we assess whether any different treatment is adequately justified. We conclude it is.

#### 1. Felony classification defined by custody exposure

We cannot ignore that Hamilton's federal conviction was for a felony, not a misdemeanor. In California, the classification of an offense as a felony versus a misdemeanor depends on its custody exposure. (*People v. Terry* (1996) 47 Cal.App.4th 329, 331.) A felony is punishable by death or by imprisonment in

8

state prison (or in county jail under section 1170, subdivision (h)[6]).  (§ 17, subd. (a).)  Every other crime is a misdemeanor (except non-custodial offenses that are classified as infractions).  (*Ibid*.)

Crimes known as "wobblers," such as possession of child pornography under section 311.11, can be punished by a term in state prison or by imprisonment in county jail for up to one year and/or by a fine.  (*People v. Park* (2013) 56 Cal.4th 782, 789.)  A wobbler is thus chargeable or punishable as either a felony or a misdemeanor.  (*Ibid*.)  A wobbler "is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under . . . section 17, subdivision (b)."[7]  (*People v. Statum* (2002) 28 Cal.4th 682, 685; *People v. Chaides* (2014) 229 Cal.App.4th 1157, 1164.)

Hamilton was convicted of a felony which by state and federal standards met the definition of a felony based on custodial exposure.[8]  The punishment for violating section

---

[6]     Section 1170, subdivision (h)(1) and (2) provide for imprisonment in county jail rather than state prison for specified felony offenses, unless the defendant is excluded under subdivision (h)(3).

[7]     Before and after the Legislature amended section 290 in 2021, section 17, subdivision (e) prohibited a court from relieving a registrant of his duty to register by a court redesignating his conviction as a misdemeanor.  (§ 17, subd. (e); *id*., former subd. (e), as added by Stats. 1998, ch. 960, § 1; *People v. Manzoor* (2023) 95 Cal.App.5th 548, 554–555.)

[8]     The punishment Hamilton received reflects treatment as a felony offender for the state offense.  Hamilton served

9

2252A(a)(5)(B) of title 18 of the United States Code is up to 10 years or 20 years in prison, depending on the age of the child.[9] The felony version under section 311.11 provides a sentencing range of 16 months, or two or three years in state prison. (§ 18, subd. (a).) Both subject the offender to confinement in prison which is characteristic of a felony. Although section 311.11 may also be punished as a misdemeanor, the lesser punishment is not inevitable. The equivalent of the federal felony would logically be the felony version of the state offense.

Hamilton further agrees that a defendant cannot claim that as a wobbler, section 311.11 violates equal protection by permitting a prosecutor to charge it as a felony, while charging a misdemeanor in other cases when he believes leniency is warranted. (*Davis v. Municipal Court* (1988) 46 Cal.3d 64, 87; *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (citing *United States v. Batchelder* (1979) 442 U.S. 114, 124–125).) Similarly, applying this principle to section 290, the provision in subdivision (d)(4)(A) does not violate equal protection in permitting the Attorney General to exercise his discretion to designate

---

approximately three years in federal prison from the date of his conviction in 2009 until his release in 2012. Hamilton served a sentence equivalent to the state felony version of the same offense. The exposure provided by the federal offense and Hamilton's actual sentence far exceeded the maximum sentence provided by the state misdemeanor version of the offense, which is up to one year in county jail.

[9]    A person convicted of this offense shall be fined or imprisoned for not more than 10 years, or not more than 20 years if the child was a prepubescent minor or a minor under 12 years of age. (18 U.S.C. § 2252A(b)(2).)

10

Hamilton's federal offense as a felony rather than as a misdemeanor.

## 2. Interstate or foreign commerce

Hamilton's federal conviction for violating section 2252A(a)(5)(B) of title 18 of the United States Code punishes any person who: "knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]"[10]

A necessary element of this federal offense is that the material containing child pornography traveled in interstate or foreign commerce, or alternatively, the child pornography was produced using materials that did. (*United States v. Guagliardo* (9th Cir. 2002) 278 F.3d 868, 870–871; *United States v. Lacy* (9th Cir. 1997) 119 F.3d 742, 750.) This jurisdictional element and its alternative are absent from the state version of possession of child pornography.[11] Based on the principles generally justifying

---

[10] This version of the offense was effective between October 13, 2008 to November 30, 2009, which covers the date of Hamilton's offense.

[11] Section 311.11 does not contain the interstate or foreign commerce element. It states: "Every person who knowingly possesses or controls any matter, representation of information,

11

sex offender registration and specifically justifying sex offender registration for offenders of child pornography offenses, the additional fact required by either federal jurisdictional element provides adequate justification for assessing the federal offense as the equivalent of the felony violation of section 311.11 under section 290, subdivision (d)(4)(A).

Generally, sex offender registration allows the government to control crime and prevent recidivism in sex offenders by subjecting them to police surveillance with the registration obligation. (*Johnson*, *supra*, 60 Cal.4th at p. 877.) In section 290.03, the Legislature affirmed the findings and declarations in its enactment of California's version of Megan's Law, including providing access to "information concerning persons convicted of [sex] offenses . . . to allow members of the public to adequately protect themselves and their children from these persons" and furthering "the primary government interest of protecting vulnerable populations from potential harm." (§ 290.03, subd. (a)(2) & (4).) Children in particular " 'require paramount protection' " from sex offenders. (*Johnson*, at p. 877.)

---

data, or image, including but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct . . . ." (§ 311.11, subd. (a).) This version was effective between October 13, 2007 to December 31, 2013, which covers the date of Hamilton's offense.

Addressing an equal protection challenge to section 311.11, this district in *Shoemaker v. Harris* (2013) 214 Cal.App.4th 1210 (*Shoemaker*) considered the harm specifically resulting from child pornography. In the prior version of section 290, a misdemeanor violation of section 311.11 subjected the offender to mandatory lifetime registration, rather than registration subject to the discretion of the sentencing court. (*Shoemaker,* at p. 1230.) Division One stated that unlike seven other misdemeanors involving sexual conduct with minors that did not require registration,[12] the child pornography targeted by section 311.11 "perpetuates the exploitation" of the subject in the image, constituting "a continuing exploitation of the child" as well as "a continuing danger to children generally." (*Shoemaker,* at p. 1230.) The court rejected the equal protection challenge, concluding that the Legislature could have rationally decided that the continued use and duplication of child pornography "necessarily involve the exploitation of children for the purpose of sexual gratification, and perpetuate the child pornography market and the victimization of children," such that violators "should in all cases" be subject to lifetime registration. (*Id*. at p. 1231.)

Keeping in mind the goals of Megan's Law and considerations like those in *Shoemaker*, the California Legislature could have reasonably determined that lifetime

---

[12] The appellant in *Shoemaker* posed as examples offenses that involved exposing a child to harmful sexual content or behavior (§§ 313.1, 288.2, 273g, 309), sexual activity with a child (§§ 261.5, 288a), or using the child for an obscene, indecent, or immoral purpose (Lab. Code, § 1308). (*Shoemaker*, *supra*, 214 Cal.App.4th at pp. 1226–1227, 1230.)

13

registration was necessary for offenders who possessed material containing child pornography that traveled in interstate or foreign commerce (or that was produced using material that traveled in interstate or foreign commerce). Contemplating the use of the federal possession of child pornography offense to trigger state sex registration under section 290.005, the California Legislature could have subscribed to Congress's purpose in enacting the federal Child Pornography Prevention Act of 1996 (18 U.S.C. § 2251 et seq.), which includes "criminalizing [the] possession of child pornography transmitted through several states via the Internet." (*United States v. Sullivan* (D.C. Cir. 2006) 451 F.3d 884, 890.) Specifically, the federal law regulates both interstate and local commerce to "eliminate the market for sexually exploitative uses of children." (*Id*. at p. 891.) The California Legislature could have decided to adopt this federal governmental interest by treating as more egregious offenses, such as section 311.11, that affect the national market for child pornography. This decision would adequately justify requiring felony status and lifetime registration for section 311.11 in assessing the state equivalent offense pursuant to section 290, subdivision (d)(4)(A).

As stated earlier, Hamilton has the burden of showing that the challenged difference in treatment between the two groups is not adequately justified. Hamilton has not satisfied this burden. We conclude that the Sex Offender Registration Act's different treatment of offenders convicted of the misdemeanor version of section 311.11 and those convicted of the federal felony offense has a rational basis and does not violate the federal or state equal protection clause.

### B. Due Process Challenge

Hamilton argues that the Attorney General's decision to designate his federal offense under Tier 3 deprived him of due process because he was not provided with notice of that decision and an opportunity to object to it.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." (*Wilkinson v. Austin* (2005) 545 U.S. 209, 221; U.S. Const., 14th Amend.) The sex offender registration requirement does not involve the loss of any of these interests, particularly the loss of liberty. (*McKee*, *supra*, 47 Cal.4th at p. 1211, fn. 14; *Smith v. Doe* (2003) 538 U.S. 84, 93, 96, 105–106.) It is not punishment or penalty for purposes of constitutional analysis, including a due process challenge. (*People v. Mosley*, *supra*, 60 Cal.4th at p. 1054; *People v. Marchand* (2002) 98 Cal.App.4th 1056, 1061.) Procedural due process requires notice and an opportunity to be heard. (*People v. Zuniga* (1996) 46 Cal.App.4th 81, 84.) But absent the potential for loss of liberty, federal due process does not require the Attorney General to have provided Hamilton with prior notice and the opportunity to be heard on the reason for his Tier 3 designation.

Despite failing to establish the requisite deprivation for a federal due process challenge, Hamilton received notice of his tier designation and the opportunity to be heard on it.[13] On

---

[13] Hamilton appears to claim that the Attorney General violated only his federal due process right. California's due process analysis does not require establishing the loss of liberty

September 15, 2022, the Attorney General sent a letter to Hamilton that stated his Tier 3 designation.[14]  On September 27, 2022, Hamilton filed a petition to terminate his registration obligation.  On the petition, Hamilton comprehensively explained his objection to continued registration.  He stated similar legal arguments to those he made before the trial court and now on appeal.  He added mitigating facts, including summaries of favorable psychological evaluation and testing.  On March 20, 2023, the trial court conducted a hearing and denied Hamilton's petition.

---

or property as a prerequisite.  (*Ryan v. California Interscholastic Federation-San Diego Section* (2001) 94 Cal.App.4th 1048, 1069; *People v. Ramirez* (1979) 25 Cal.3d 260, 264.)  Instead, the analysis considers "what procedural protections are constitutionally required in light of the governmental and private interests at stake."  (*Ramirez,* at p. 264.)  The challenger must "identify a statutorily conferred benefit or interest of which he or she has been deprived to trigger procedural due process under the California Constitution."  (*Ryan*, at p. 1071.)  Courts have concluded that the state constitutional determination of the procedural protections to be afforded "is essentially identical to that employed under the federal analysis."  (*Ibid*.)  Like the federal protection, the state protection requires "the right to be heard at a meaningful time and in a meaningful manner."  (*Id*. at p. 1072.)  As we conclude, Hamilton had meaningful opportunities to be heard on his tier designation that would satisfy both federal and state protections.

[14]     The September 15, 2022, letter sent from the Department of Justice to Hamilton also referred him to its website and a phone number if he had questions regarding the letter.  Hamilton never suggested that he availed himself of these resources to contest the tier designation.

On May 16, 2023, Hamilton filed an amended motion to re-designate him to Tier 1 or vacate his registration requirement. On September 25, 2023, the trial court allowed Hamilton to argue his amended motion at a hearing, even though it improperly circumvented the requirement of cause to reconsider its previous denial. On September 27, 2023, the trial court denied the amended motion.

The trial court provided Hamilton with opportunities to contest his tier designation. Hamilton voiced his objection in a more meaningful manner than he could have in a conference or administrative setting with the Attorney General prior to his tier designation. Based on these facts, we conclude that Hamilton was not denied due process.

### C. Vagueness challenge

Hamilton complains about section 290, subdivision (d)(4)(A), which allows the Attorney General to assess an out-of-jurisdiction offense for an "equivalent" registrable state offense. Hamilton challenges the term "equivalent" as unconstitutionally vague because it is not defined in the statute.

Typically, a law is challenged as vague when it fails to provide notice of prohibited conduct and encourages arbitrary and discriminatory enforcement. (*People v. Castaneda* (2000) 23 Cal.4th 743, 751.) The provision challenged by Hamilton does not define the prohibited conduct of failure to register, which is established by section 290.018. Instead, section 290, subdivision (d)(4)(A) discusses the tier designation for registration based on an out-of-jurisdiction offense.

17

Assuming we can address Hamilton's vagueness challenge,[15] we conclude section 290, subdivision (d)(4)(A) clearly directs the Attorney General to assess an out-of-jurisdiction offense for its section 290 equivalent.[16] "The starting point of our analysis is 'the strong presumption that legislative enactments "must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears. [Citations.]" ' " (*Williams v. Garcetti* (1993) 5 Cal.4th 561, 568.) Hamilton cannot rebut this strong presumption.

We are guided by the rule that a statute avoids vagueness " 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117; *People v. Musovich* (2006) 138 Cal.App.4th 983, 991.) Potentially vague terms may be reasonably certain "when considered in context with other terms, and in view of the legislative purpose." (*People v. North* (2003) 112 Cal.App.4th 621, 628.)

---

[15] Hamilton runs into the same problem for his vagueness challenge as he does for his procedural due process challenge. The constitutional interest implicated in both is the deprivation of " ' "life, liberty, or property without due process of law," . . . [citation] . . . [citation].' " (*People v. Abbate* (2020) 58 Cal.App.5th 100, 108–109.) As stated earlier, the sex offender registration requirement does not involve the loss of any of these interests. (*McKee, supra,* 47 Cal.4th at p. 1211, fn. 14.)

[16] We review the trial court's ruling de novo, as is required for a vagueness challenge. (*People v. Abbate, supra*, 58 Cal.App.5th at p. 109.)

As stated, section 290, subdivision (d)(4)(A) mandates that the registrant "be placed in the appropriate tier if the offense is assessed as equivalent to a California registrable offense described in subdivision (c)." But subdivision (d)(4)(A) further instructs the Attorney General on how to designate the tier for out-of-jurisdiction offenses that require registration pursuant to section 290.005, subdivision (a). The reference to section 290.005 in section 290, subdivision (d)(4)(A) restricts the out-of-jurisdiction offenses that can require registration. Specifically, the out-of-jurisdiction offense must be an offense or attempted offense that would have been punishable as an offense described in section 290, subdivision (c) "based on the elements of the convicted offense or facts admitted by the [defendant] or found true by the trier of fact . . . ."[17] (§ 290.005, subd. (a).)

Hamilton was convicted of a federal offense which is a felony. The Attorney General determined that section 311.11 is the equivalent state offense. Hamilton does not disagree. It is no surprise that the Attorney General further determined the felony version of section 311.11 to be the equivalent of Hamilton's underlying federal felony offense. As discussed earlier, if the out-of-jurisdiction offense is a felony, it is not unreasonable for the equivalent section 290 offense to also be a felony, even for a wobbler offense such as a violation of section 311.11. Under these circumstances, the felony designation is not an invalid

_____

[17]     In 2011, the Legislature amended section 290.005, subdivision (a), as reflected in its current form. The assessment for an equivalent offense is based on the elements or facts admitted by the offender or found true by the trier of fact. (Stats. 2011, ch. 362 (S.B. No. 622, § 1, eff. Jan. 1, 2012).)

19

exercise of discretion, much less arbitrary enforcement of the assessment to be made under section 290, subdivision (d)(4)(A).

We reject Hamilton's vagueness challenge, as we have rejected his equal protection and procedural due process challenges. We further conclude the trial court did not abuse its discretion by denying Hamilton's petition for termination and subsequent amended motion or motion for reconsideration because he was ineligible for termination of his lifetime registration requirement under section 290, subdivision (d)(3).

DISPOSITION

The orders denying Hamilton's petition and amended motion and/or motion for reconsideration are affirmed.

**CERTIFIED FOR PUBLICATION**


HANASONO, J.*


We concur:


EDMON, P. J.


ADAMS, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

21