Filed 5/5/25  P. v. Scrivans CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101067 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE003771) |
| v. | |
| KEVIN ANDRE SCRIVANS, | |
| Defendant and Appellant. | |

An information charged defendant Kevin Andre Scrivans with one count of failing to update his sex offender registration within five days of his birthday.  The trial court denied his motion for a judgment of acquittal under Penal Code[1] section 1118.1 at the close of the prosecution's case-in-chief, and the jury found him guilty as charged.  On appeal, Scrivans argues the trial court erred in denying his motion for acquittal.  We agree and shall reverse the judgment.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Scrivans was convicted of a sexual offense that required him to register as a sex offender while residing in California (§§ 289, subd. (a)(1), 290), including a requirement that he update his registration annually within five working days of his birthday (§ 290.012, subd. (a)).

Throughout Scrivans' registration history, which was listed in the registry database, he always reported that he resided in Sacramento, California. The registry database reflected that in 2009, 2012, 2015, 2016, 2019, and 2020, Scrivans used a specific address in Sacramento as either a residence or a mailing address or both. In February 2021, Scrivans reported that he resided at that same Sacramento address.

As of March 2, 2022, the registry database reflected that Scrivans, whose birthday is February 12, failed to complete his annual registration anywhere in the State of California. Sergeant Michael Pietrek called Scrivans at the phone number listed in the registry database at least once but could not remember if he left a voicemail. Unable to contact Scrivans, Sergeant Pietrek obtained a warrant for Scrivans' arrest.

On March 16 and while the warrant was still active, Scrivans went to the registration office located in downtown Sacramento at which residents of the City or County of Sacramento were supposed to register. Due to the outstanding warrant, the registration office called Sergeant Pietrek to notify him Scrivans was there. Sergeant Pietrek drove to the office and arrested Scrivans. On March 21, following Scrivens' release from custody, he reported for registration purposes that he resided at the same Sacramento address that he reported he resided at in February 2021.

An amended information charged Scrivans with violating section 290.018, subdivision (b), by failing to register as a convicted sex offender (§ 290) within five working days of his birthday (§ 290.012). The information also alleged aggravating factors and a prior strike (§§ 667, subds. (b)-(i), 1170.12).

At trial, Sergeant Pietrek testified that based on Scrivans' residential history, Scrivans was always a resident of Sacramento. At the close of the prosecution's case-in-chief, Scrivans moved for a judgment of acquittal pursuant to section 1118.1, arguing the People did not prove he was a resident of California during the time period they alleged that he failed to register. The People countered that the evidence of Scrivans reporting he lived at an address in Sacramento in February 2021, going to the Sacramento registration office on March 16, 2022, and reporting that he lived at the same address again on March 21, 2022, were sufficient to infer that he was residing in California at all times. Noting that Scrivans also reported living at the same address on several occasions prior to February 2021, the trial court agreed with the People and denied Scrivans' motion for acquittal.

The jury found Scrivans guilty of failing to register as a sex offender. During bifurcated proceedings,[2] the trial court found true the aggravating factors and that Scrivans suffered a prior strike. Scrivans subsequently moved to strike his prior strike conviction (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), which the court denied. At sentencing, the court imposed the midterm of two years in state prison, doubled to four years as a result of the prior strike.

## DISCUSSION

On appeal, Scrivans contends there was insufficient evidence that he was residing in California within five working days of his birthday and, thus, the trial court erred in denying his motion for acquittal. Scrivans points out that the prosecution presented no direct evidence of his residency during the relevant time period and argues that the evidence the prosecution did present, namely, his prior registration history, his presence at the registration office in March 2022, and his report, following his arrest, that he

---

[2]     Scrivans waived his right to a jury trial on the aggravating factors and the prior strike.

3

resided at a Sacramento address do not support a reasonable inference of his residency in California. The People respond that the aforementioned evidence supports a credible, reasonable inference that he remained a resident of Sacramento. We conclude Scrivans has the better argument.

We review a trial court's denial of a motion for acquittal "under the standard employed in reviewing the sufficiency of the evidence to support a conviction." (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) In reviewing such a challenge, " 'we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*Ibid*.) When reviewing an order denying a motion for acquittal made at the close of the prosecutor's case-in-chief, we focus on the state of the evidence as it stood at that time. (*Ibid*.)

*People v. Wallace* (2009) 176 Cal.App.4th 1088 is instructive. In *Wallace*, the defendant was convicted of, among other counts, failing to complete his annual registration within five working days of his birthday in December 2006. (*Id*. at pp. 1091, 1094.) During previous registration periods, including his most recent registration in January 2006, the defendant always reported that he resided in Pittsburg, Contra Costa County, California. (*Id*. at pp. 1091-1094.) *Wallace* held that since the duty to register required California residency, the crime of failing to update annual registration could be committed only if the defendant resided in California at the time of the alleged offense. (*Id*. at pp. 1105-1107.) The prosecution, not the defendant, carried the burden to prove the defendant resided in California at the time of the alleged offense beyond a reasonable doubt. (*Id*. at p. 1107.) The court reasoned, "we cannot agree with the prosecution that the lack of any evidence regarding appellant's whereabouts in or about April 2007, even considered in light of appellant's prior registration history in California, was sufficient to permit a reasonable inference that appellant remained in California during that time

4

period, which the statute clearly requires." (*Id.* at p. 1103, italics omitted.)  Because there was no evidence of the defendant's whereabouts after January 2006, despite his prior registration history, *Wallace* held there was insufficient evidence to support the conclusion that the defendant resided in California at the time of the offense.  (*Ibid.*)

The People contend the current case is distinguishable from *Wallace* because in *Wallace*, the only evidence of the defendant's whereabouts relied on Wallace's previous registration history in Contra Costa County.  Here the People argue there is more than Scrivans' registration history to support a reasonable inference that Scrivans was a Sacramento resident.  They point to the fact that Scrivans arrived at a Sacramento registration center approximately one month after his birthday and that following his arrest, Scrivans in fact registered the same address he had registered the previous year. We find this a distinction without a difference.

The fact that Scrivans arrived at a registration center in Sacramento in March of 2022, a month after his birthday, does not provide evidence that Scrivans in fact lived in Sacramento in February of 2022.  Further, the fact that Scrivans registered an address at the end of March 2022, that he had registered a year earlier, also does not provide evidence that Scrivans lived in Sacramento during the relevant time period.  As *Wallace* established, the duty to register as a sex offender arises only when the person subject to registration resides in California.  (*People v. Wallace*, *supra*, 176 Cal.App.4th at pp. 1105-1107.)  Moreover, in this case, the prosecution had to prove, among other things, that Scrivans resided in California at the time he failed to register in February 2022.  (CALCRIM No. 1170.)  The reasoning in *Wallace* applies equally here to compel the reversal of Scrivans' conviction for failing to update his annual registration after he last reported his residential address in February 2021.

Because the prosecution failed to prove in its case-in-chief that Scrivans resided in California during the relevant time period, Scrivans was entitled to an acquittal, and the trial court erred in denying his motion.  We therefore reverse the judgment and direct the

5

trial court to enter a judgment of acquittal.  (*People v. Belton* (1979) 23 Cal.3d 516, 527 [trial court's erroneous denial of acquittal motion requires reversal of judgment on appeal and entry of judgment of acquittal].)

## DISPOSITION

The judgment is reversed, and the trial court is directed to enter a judgment of acquittal.


/s/
EARL, P. J.

We concur:


/s/
DUARTE, J.


/s/
BOULWARE EURIE, J.


6